UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

SABRINA BENNETT                                              CV

                                    Plaintiff,

        -against-                                           **COMPLAINT**

COMMONWEALTH LOCAL DEVELOPMENT                              **JURY TRIAL REQUESTED**
CORP., HUSA MANAGEMENT CO., LLC AND
AMERICAN MULTI-CINEMA, INC.

                                    Defendants.

-------------------------------------------------------------x

<u>**COMPLAINT**</u>

        Plaintiff Sabrina Bennett (hereafter referred to as "Plaintiff"), by counsel, The

Parker Law Group P.C., as and for the Complaint in this action against Defendants

Commonwealth Local Development Corp., Husa Management Co., LLC and American

Multi-Cinema, Inc. (together referred to as "Defendants"), hereby alleges as follows:

<u>**NATURE OF THE CLAIMS**</u>

        1.      This lawsuit opposes pervasive, ongoing, and inexcusable disability

discrimination by the Defendants.  In this action, Plaintiff seeks declaratory, injunctive,

and equitable relief, as well as monetary damages, nominal damages, and attorney's fees,

costs, and expenses to redress Defendants' unlawful disability discrimination against

Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42

U.S.C. §§ 12181 *et. seq.* and its implementing regulations; the New York State Human

Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive

Law"); the New York State Civil Rights Law, § 40 *et. seq.*; and the New York City

Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New

York ("Administrative Code"").  As explained more fully below, Defendants own, lease,

1

lease to, operate, and control a place of public accommodation that violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught. In so doing, Defendants made a calculated, but unlawful, decision that customers with disabilities are not worthy. The day has come for Defendants to accept responsibility. This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

<u>**JURISDICTION AND VENUE**</u>

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is in this district.

## PARTIES

5.      Defendant Commonwealth Local Development Corp. and Husa Management Co., LLC owns the property located at 2309 Frederick Douglass Blvd in New York County, New York (hereinafter referred to as "2309 Frederick Douglass Blvd").

6.      The building at 2309 Frederick Douglass Blvd is a shopping center containing multiple retail establishments.

7.      2309 Frederick Douglass Blvd occupies an entire square block between West 124th Street and West 125th Street in the Harlem neighborhood of Manhattan.

8.       At all relevant times, defendant American Multi-Cinema, Inc. leases property located at 2309 Frederick Douglass Blvd from the defendants Commonwealth Local Development Corp. and Husa Management Co., LLC.

9.      At all relevant times, defendant American Multi-Cinema, Inc. has and continues to operate a multi-plex movie theater at 2309 Frederick Douglass Blvd doing business as AMC Magic Johnson Harlem 9 (hereinafter referred to as the "AMC Theater" or the "AMC Magic Johnson Harlem 9" premises).

10.     Each defendant is licensed to and does business in New York State.

11.     Upon information and belief, Commonwealth Local Development Corp. and Husa Management Co., LLC and American Multi-Cinema, Inc. have a written lease agreement.

12.     Upon information and belief, Defendants Commonwealth Local Development Corp. and Husa Management Co., LLC are related companies under common control.

13.     At all times relevant to this action, Plaintiff Sabrina Bennett has been and remains currently a resident of Brooklyn, New York.

14.     At all times relevant to this action, Plaintiff Sabrina Bennett has been and remains a wheelchair user.  Plaintiff has medical conditions that inhibit walking and restrict body motion range and movement.

15.     The AMC Magic Johnson Harlem 9 is located on the third floor of 2309 Frederick Douglass Blvd.

16.     There is just one elevator for patrons to use to travel from the ground floor to the third-floor entrance of AMC Magic Johnson Harlem 9.

17.     This one elevator is the only wheelchair accessible means of vertical access to the third floor.

18.     Able-bodied patrons can either take a staircase or an escalator to travel from the first floor to the third-floor entrance of AMC Magic Johnson Harlem 9.

19.     Because plaintiff utilizes a wheelchair, she cannot independently travel to the third floor unless the elevator is operational.

20.     Since 2023, this one elevator has been out of service.

21.     Defendants have received actual notice that persons with disabilities are unable to patronize the AMC Theater because of the lack of elevator service.

22.     Since 2023, the New York City Department of Buildings has received numerous complaints from persons with disabilities that they cannot patronize the AMC Theater because the elevator is not working.

23.    And since 2023, the New York City Department of Buildings has notified defendants of the complaints from persons with disabilities that they cannot patronize the AMC Theater because the elevator is not working.

24.    Since 2023, the New York City Department of Buildings has issued violations and orders to the Defendants to make this elevator operational.

25.    But Defendants have refused to spend the money necessary to make this elevator operational.

26.    In other words, the Defendants have made a business decision that the cost of making the elevator operational is greater than the potential revenue from disabled customers.

27.    Rather than fix the broken elevator, Defendants have resorted to hiding the existence of this elevator by placing a movie advertisement directly in front of the elevator on the first floor.

28.    The picture below shows how both Defendants are deliberately engaging in this discrimination and deception:



29.    Behind the movie advertisement is the first-floor elevator.

30.    On the second floor where a person with a disability cannot access, the Defendants have placed in front of the elevator a large stand with signage stating: Caution Do Not Enter.

31.    Below is a picture of the second-floor elevator, which is not operational and does not respond to pushing the buttons:



32.    Plaintiff and her partner frequently visit the Harlem neighborhood where the AMC Theater is located.

33.    Plaintiff and her partner have family and friends living in the Harlem neighborhood near the AMC Theater.

34.    While there are many movie theaters closer to plaintiff's home, plaintiff and her partner feel very strongly about supporting businesses in the Harlem community.

35.    The AMC Theater is one of the few multiplex movie theaters in Harlem and plaintiff and her partner specifically desire to patronize this theater to support a Harlem business and especially one associated with the famous Magic Johnson.

36.    Consequently, Plaintiff and her partner were very excited to patronize the AMC Theater.

37.    Plaintiff and her partner generally try to see a movie every Tuesday.

38.    On at least four occasions, Plaintiff and her partner have attempted to see a movie at the AMC Theater with the last and most recent occasion being in January 2026.

39.    Upon arriving at the AMC Theater, plaintiff and her partner noticed the escalator and stairs leading to the third floor.

40.    Plaintiff managed to find the elevator on the first floor and attempted to utilize it.  But the elevator was not working.

41.    Plaintiff asked an employee stationed near the elevator as to how she could get to the third floor.  This employee disclaimed any responsibility or knowledge to help plaintiff.

42.    Plaintiff's partner is able-bodied.

43.    Plaintiff's partner took plaintiff out of her wheelchair and carried her up three flights of stairs!

44.    To say that this was humiliating is an understatement.

45.    Plaintiff's partner then had to secure plaintiff against the wall so that he could go back downstairs to retrieve plaintiff's wheelchair.

8

46.    Plaintiff's partner carried plaintiff's wheelchair up three flights of stairs to plaintiff and then placed plaintiff back in her wheelchair.

47.    Once plaintiff and her partner arrived at the AMC Theater, plaintiff's partner asked to speak to the manager about the lack of elevator service.

48.    Plaintiff's partner spoke to an AMC employee management employee about the elevator.

49.    The AMC employee responded that AMC was aware of the problem and acknowledged that the elevator being out of service impossible for a person with a disability to independently travel to the third-floor entrance of the theater.

50.    The AMC employee made plaintiff, and her partner feel worthless and invisible.

51.    Plaintiff still desires to patronize the AMC Theater in Harlem and by this action seeks to compel the defendants to make the premises wheelchair accessible for the benefit of all.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

52.    Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the AMC Magic Johnson Harlem 9 premises located at 2309 Frederick Douglass Blvd, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

53.    The AMC Magic Johnson Harlem 9 premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative

Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

54.     Numerous architectural barriers exist at the AMC Magic Johnson Harlem 9 premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

55.     Upon information and belief, 2309 Frederick Douglass Blvd was designed and constructed for first possession after 1998.

56.     Upon information and belief, at some time after 2018, Defendants spent approximately $100,000 on alterations to the AMC Magic Johnson Harlem 9 premises, and to areas of 2309 Frederick Douglass Blvd related to the AMC Magic Johnson Harlem 9 premises.

57.     The services, features, elements and spaces of the AMC Magic Johnson Harlem 9 premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

58.     Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and

complete access to all of the areas of the AMC Magic Johnson Harlem 9 premises that are open and available to the public.

59.    Defendants have not complied with their statutory obligation to maintain accessible features inclusive of elevators.

60.    Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

61.    Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing the AMC Magic Johnson Harlem 9 premises as well as architectural barriers that exist include, but are not limited to, the following:

   I.  Defendants do not provide an accessible path of travel leading to the AMC Theater.  See 28 C.F.R. § 36.304(c); and 1991 Standards §§ 4.1.1(1); 4.1.3(8), 4.32, and 4.14; and 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY §§ 1101.2, 1104.1, 1103.1.

  II.  The property owner defendant failed to provide an accessible entrance to the tenant defendant.  See 1991 Standards § 4.1.3(a)(iii); 2010 Standards § 206.4.5, 404; Administrative Code § 27-362; and BCCNY § 1105.1.6.

 III.  Defendants fail to provide that there is one accessible route connecting all the public accommodations within the site.  See 1991 Standards §§ 4.3.2, 4.1.2(2), 4.1.3(1); and 2010 Standards §§ 206.1, 206.2, 206.2.2, 206.2.4; and BCCNY § 1101.2, 1104.2.

 IV.  Defendants fail to provide accessible vertical access to the third-floor entrance to the AMC Theater.  42 U.S.C. § 12183(b); and 28 C.F.R. §§ 36.404(a) and 36.401(d)(2).

  V.  Defendants fail to provide access to all levels open to the public, and no accessible means of vertical access is provided to all levels including the AMC Theater.  See 1991 Standards §§ 4.1.3, 4.1.6; and the 2010 Standards §§ 206.2.2, 206.2.3, 206.2.3.1, 206.2.4, 206.2.6.

 VI.  Defendants fail to provide that at least one of each type of sales and/or service counter is accessible and dispersed throughout its premises.  See 1991 Standards § 7.2; 2010 Standards §§ 227.3, 227.1, 904.4; and BCCNY §§ 1109.12, 1109.12.3.

VII.   Defendants fail to provide that at least one of each type of function counter is accessible and dispersed throughout its premises. See 1991 Standards §§ 7.2, 7.3(1); 2010 Standards §§ 227.3, 904; and BCCNY §§ 1109.12, 1109.12.3.

VIII.  Defendants fail to provide a portion of the sales and/or service counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length thereby making it impossible or exceedingly difficult for the plaintiff to conduct a transaction in a manner similar to non-disabled customers. See 1991 Standards § 7.2; 2010 Standards §§ 227.1, 227.3, 904.4; and BCCNY §§ 1109.12, 1109.12.3.

IX.   Defendants fail to provide the minimum required maneuvering clearances of level and clear space for an accessible path of travel to and from the sales and/or service counters. See 1991 Standards §§ 4.3, 4.2, 4.2.4, 4.32.2, 5.3; and 2010 Standards §§ 305, 305.3, 305.5, 305.6, 802.1.2, 802.1.3, 902.2, 903.1, 903.2, 902.4.1.

X.   Defendants fail to provide sufficient clear space of 30 inches by 48 inches in front of the sales and/or service counter from which to conduct the transaction. See 1991 Standards § 4.2.4.1, 7.1, 7.2; and 2010 Standards §§ 305, 904.4.

XI.   Defendants fail to provide an accessible route to approach the sales and/or service counters thereby making it impossible or exceedingly difficult for the plaintiff to conduct a transaction. See 1991 Standards §§ 7.1, 4.3; and 2010 Standards §§ 904.2, 403.

XII.   Defendants fail to provide an accessible route to exit the sales and/or service counters thereby making it impossible or exceedingly difficult for the plaintiff to conduct a transaction. See 1991 Standards §§ 7.1, 4.3; and 2010 Standards §§ 904.2, 403.

XIII.  Defendants fail to provide that the sales and/or service counters have accessible reach ranges from which to conduct a transaction. See 1991 Standards §§ 5.6 and 4.2; 2010 Standards §§ 904.5.1, 308, 227.4.

XIV.  Defendants fail to provide that the reach ranges for the operable controls of the customer point of sale debit/credit card terminal(s) are accessible. See 1991 Standards §§ 4.2.5, 4.2.6; and 2010 Standards §§ 308, 308.2.1, 308.3.1.

62.   Upon information and belief, a full inspection of the AMC Magic Johnson Harlem 9 premises will reveal the existence of other barriers to access.

63.   As required by the ADA (remedial civil rights legislation) to properly

12

remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the AMC Magic Johnson Harlem 9 premises to catalogue and cure all the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

64.    Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

65.    Defendants have not complied with their statutory obligation to ensure that their policies, practices, and procedures for persons with disabilities are compliant with the laws.  Nor have Defendants made or provided accommodations or modifications for persons with disabilities.

66.    Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the AMC Magic Johnson Harlem 9 premises continue to exist and deter Plaintiff.

67.    Plaintiff frequently travels to the area where the AMC Magic Johnson Harlem 9 premises are located.

68.    Plaintiff intends to patronize the AMC Magic Johnson Harlem 9 premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

69.    Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the AMC Magic Johnson Harlem 9

premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

70.    Plaintiff intends to patronize the AMC Magic Johnson Harlem 9 premises several times a year as "tester" to monitor, ensure, and determine whether the AMC Magic Johnson Harlem 9 premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

71.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

72.    Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility and has restricted use of arms and hands.

73.    The "General Rule" of the ADA is that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182(a).

74.    Defendants violate the ADA at 42 U.S.C. §12182(a) by denying Plaintiff the full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations of its public accommodation.

75.    The ADA at 42 U.S.C. §12182(b)(1)(A)(i) states that "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability

or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

76.    Defendants violate the ADA at 42 U.S.C. §12182(b)(1)(A)(i) by denying Plaintiff, because of his disability, the opportunity to participate in and benefit from the services, facilities, privileges, advantages, or accommodations offered by the Defendants.

77.    The ADA at 42 U.S.C. §12182(b)(1)(B) states that "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

78.    Defendants violate the ADA at 42 U.S.C. §12182(b)(1)(B) by failing to afford the disabled Plaintiff with its services, facilities, privileges, advantages, and accommodations in a setting that is integrated with non-disabled persons.

79.    Defendants fail to take measures to integrate people with disabilities and instead outright exclude people with disabilities like Plaintiff.

80.    The ADA at 42 U.S.C. §12182(b)(2)(A)(ii) defines discrimination as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations."

81.    Defendants violate the ADA at 42 U.S.C. §12182(b)(2)(A)(ii) by failing to make reasonable modifications in their policies, practices, or procedures that would result

in the disabled Plaintiff being able to enjoy its services, facilities, privileges, advantages, or accommodations.

82.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

83.     Defendants violate the ADA at 42 U.S.C. §12182(b)(2)(A)(iii) by failing to take all the necessary measures to "ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals."

84.     Defendants violate the ADA at 42 U.S.C. §12182(b)(2)(A)(iii) by failing to take steps necessary to ensure that no individual with a disability is excluded, denied services, and/or segregated.

85.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can they escape liability by transferring their obligations to the other by contract (i.e., lease agreement).  28 C.F.R. 36.201(b).

86.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

87.     By failing to comply with the law in effect for decades, Defendants have articulated to people with disabilities such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

88.     Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily

accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

89.    The AMC Magic Johnson Harlem 9 premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

90.    Defendants failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

91.    The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

92.    Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

93.    By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

94.    In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

95.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

96.     Defendants have and continue to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create a wheelchair accessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

97.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

98.     Plaintiff has various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore has a disability within the meaning of the Executive Law § 296(21).

99.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed".  See Executive Law § 300 [effective date: August 12, 2019].

100.    By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

101.    Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability.

102.    Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendants has aided and abetted others in committing disability discrimination.

103.    Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

104.    In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

105.    It would be readily achievable to make Defendants' place of public accommodation fully accessible.

106.    It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

107.    As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to, humiliation, embarrassment, stress, and anxiety.

108.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

109.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

110.    Plaintiff has various medical conditions that separately and together impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

111.    Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendants has aided and abetted others in committing disability discrimination.

112.    Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

113.    Defendants have discriminated and continue to discriminate against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating, and/or maintaining an inaccessible commercial facility/space.

114.    Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

115.    Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

116.    In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

117.    Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

118.    Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

119.    Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL.  Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.  Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

120.    As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to, humiliation, stress, and embarrassment.

121.    Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

122.    By failing to comply with the law in effect for decades, Defendants have articulated to people with disabilities such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

123.    Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

124.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

125.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

126.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

127.    Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

128.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each violation.

129.    Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

130.    Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

131.    Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

132.    Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.  Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, NYSHRL and NYCHRL, including, but not limited to, the violations set forth above;

C.  Issue a permanent injunction ordering Defendants to modify their policies, practices, procedures and/or conduct in compliance with the ADA, NYSHRL and NYCHRL so that Plaintiff is not excluded from and can have the full and equal enjoyment of the services, facilities, privileges, advantages, and/or accommodations offered by the Defendants;

D.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not recur;

E.  Award Plaintiff compensatory damages and nominal damages because of Defendants' violations of the NYSHRL and the NYCHRL;

F.  Award Plaintiff punitive damages to punish and deter the Defendants for their violations of the NYCHRL;

24

G.   Award Plaintiff the monetary penalties for each violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

H.   Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL, and the ADA; and

I.   For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: February 12, 2026
       New York, New York

Respectfully submitted,

**THE PARKER LAW GROUP P.C.**

By:_____
       Glen H. Parker, Esq.
       Attorneys for Plaintiff
       28 Valley Road, Suite 1
       Montclair, New Jersey 07042
       Telephone: (347) 292-9042
       Email: ghp@parkerlawusa.com