UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
SABRINA BENNETT,                                   :
                                                   :
                        Plaintiff,                 :          Civil Action No. 1:26-cv-01211-JAV
                                                   :
                                                   :          **ANSWER, AFFIRMATIVE**
        -against-                                  :          **AND OTHER DEFENSES, AND**
                                                   :          **CROSSCLAIMS AGAINST**
COMMONWEALTH LOCAL                                 :          **DEFENDANTS COMMONWEALTH**
DEVELOPMENT CORP., HUSA                            :          **LOCAL DEVELOPMENT CORP. AND**
MANAGEMENT CO., LLC AND                            :          **HUSA MANAGEMENT CO., LLC**
AMERICAN MULTI-CINEMA, INC.,                       :
                                                   :
                        Defendants.                :
                                                   :
---------------------------------------------------------X

Defendant, AMERICAN MULTI-CINEMA, INC. ("Defendant"), by and through its

attorneys, Seyfarth Shaw LLP, hereby answers the Complaint in the above-captioned action

("Complaint") as follows:

## NATURE OF THE CLAIMS

### COMPLAINT ¶1:

This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the
Defendants. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as
monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress
Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the
Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 et. seq. and its implementing
regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York
State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 et. seq.; and
the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the
City of New York ("Administrative Code'"). As explained more fully below, Defendants own,
lease, lease to, operate, and control a place of public accommodation that violates the above-
mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees
and agents for the conduct alleged herein.

### ANSWER:

Paragraph "1" of the Complaint is a summary of Plaintiff's legal claims. As such, no

response is required. To the extent that a response is required, Defendant denies each and every

allegation contained in Paragraph "1" of the Complaint.

**COMPLAINT ¶2:**

These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught. In so doing, Defendants made a calculated, but unlawful, decision that customers with disabilities are not worthy. The day has come for Defendants to accept responsibility. This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "2" of the

Complaint.

## JURISDICTION AND VENUE

**COMPLAINT ¶3:**

This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**

The allegations contained in Paragraph "3" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.  To the extent

that a response is required, Defendant denies each and every allegation contained in Paragraph

"3" of the Complaint.

**COMPLAINT ¶4:**

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is in this district.

**ANSWER:**

The allegations contained in Paragraph "4" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.  To the extent

325377375v.5

that a response is required, Defendant denies each and every allegation contained in Paragraph

"4," except that Defendant states that it does not object to venue in this district.

## PARTIES

### COMPLAINT ¶5:

Defendant Commonwealth Local Development Corp. and Husa Management Co., LLC owns the property located at 2309 Frederick Douglass Blvd in New York County, New York (hereinafter referred to as "2309 Frederick Douglass Blvd").

### ANSWER:

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "5" of the Complaint.

### COMPLAINT ¶6:

The building at 2309 Frederick Douglass Blvd is a shopping center containing multiple retail establishments.

### ANSWER:

Defendant denies each and every allegation contained in Paragraph "6" of the Complaint,

except admits that there is a shopping center located between West 124th St. and Dr. Martin

Luther King Jr. Blvd., and St. Nicholas Ave. and Frederick Douglass Blvd. that contains multiple

retail establishments.

### COMPLAINT ¶7:

2309 Frederick Douglass Blvd occupies an entire square block between West 124th Street and West 125th Street in the Harlem neighborhood of Manhattan.

### ANSWER:

Defendant denies each and every allegation contained in Paragraph "7" of the Complaint,

except admits that there is a shopping center located between West 124th St. and Dr. Martin

Luther King Jr. Blvd., and St. Nicholas Ave. and Frederick Douglass Blvd.

325377375v.5

**COMPLAINT ¶8:**

At all relevant times, defendant American Multi-Cinema, Inc. leases property located at 2309 Frederick Douglass Blvd from the defendants Commonwealth Local Development Corp. and Husa Management Co., LLC.

**ANSWER:**

Defendant denies the allegations contained in Paragraph "8" of the Complaint, except admits that it leases property located at 2309 Frederick Douglass Blvd from HUSA Management Co., LLC.

**COMPLAINT ¶9:**

At all relevant times, defendant American Multi-Cinema, Inc. has and continues to operate a multi-plex movie theater at 2309 Frederick Douglass Blvd doing business as AMC Magic Johnson Harlem 9 (hereinafter referred to as the "AMC Theater" or the "AMC Magic Johnson Harlem 9" premises).

**ANSWER:**

The allegations contained in Paragraph "9" of the Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.  To the extent that a response is required, Defendant admits that the  multi-plex movie theater at 2309 Frederick Douglass Blvd does business as AMC Magic Johnson Harlem 9.

**COMPLAINT ¶10:**

Each defendant is licensed to and does business in New York State.

**ANSWER:**

Defendant denies having knowledge or sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint to the extent they are directed at Commonwealth Local Development Corp. and HUSA Management Co., LLC, but admits that Defendant does business in New York State.  The remaining allegations contained in Paragraph

4

"10" of the Complaint constitute conclusions of law as to which no responsive pleading is

required and are deemed to be denied.

## COMPLAINT ¶11:

Upon information and belief, Commonwealth Local Development Corp. and Husa Management Co., LLC and American Multi-Cinema, Inc. have a written lease agreement.

## ANSWER:

Defendant admits that it has a lease agreement with HUSA Management Co., LLC and

denies the remaining allegations contained in Paragraph "11" of the Complaint.

## COMPLAINT ¶12:

Upon information and belief, Defendants Commonwealth Local Development Corp. and Husa Management Co., LLC are related companies under common control.

## ANSWER:

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "12" of the Complaint.

## COMPLAINT ¶13:

At all times relevant to this action, Plaintiff Sabrina Bennett has been and remains currently a resident of Brooklyn, New York.

## ANSWER:

Defendants denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "13" of the Complaint.

## COMPLAINT ¶14:

At all times relevant to this action, Plaintiff Sabrina Bennett has been and remains a wheelchair user. Plaintiff has medical conditions that inhibit walking and restrict body motion range and movement.

## ANSWER:

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "14" of the Complaint.

5

325377375v.5

**COMPLAINT ¶15:**

The AMC Magic Johnson Harlem 9 is located on the third floor of 2309 Frederick Douglass Blvd.

**ANSWER:**

Defendant admits that the AMC Magic Johnson Harlem 9 is located on the third floor of

2309 Frederick Douglass Blvd.

**COMPLAINT ¶16:**

There is just one elevator for patrons to use to travel from the ground floor to the third-floor entrance of AMC Magic Johnson Harlem 9.

**ANSWER:**

Defendant denies the allegations contained in Paragraph "16" of the Complaint, and

states that there is a passenger elevator, escalators, and stairs that connect the ground floor of the

building with the third-floor entrance of AMC Magic Johnson Harlem 9.

**COMPLAINT ¶17:**

This one elevator is the only wheelchair accessible means of vertical access to the third floor.

**ANSWER:**

The allegations contained in Paragraph "17" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.  To the extent

that a response is required, Defendant denies having knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph "17" of the Complaint.

**COMPLAINT ¶18:**

Able-bodied patrons can either take a staircase or an escalator to travel from the first floor to the third-floor entrance of AMC Magic Johnson Harlem 9.

6

**ANSWER:**

The allegations contained in Paragraph "18" of the Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.  To the extent that a response is required, Defendant admits the allegation contained in Paragraph "18" of the Complaint.

**COMPLAINT ¶19:**

Because plaintiff utilizes a wheelchair, she cannot independently travel to the third floor unless the elevator is operational.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint.

**COMPLAINT ¶20:**

Since 2023, this one elevator has been out of service.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "20" of the Complaint.

**COMPLAINT ¶21:**

Defendants have received actual notice that persons with disabilities are unable to patronize the AMC Theater because of the lack of elevator service.

**ANSWER:**

Defendant denies having knowledge or sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Complaint to the extent they are directed at Commonwealth Local Development Corp. and HUSA Management Co., LLC.  The remaining allegations contained in Paragraph "21" of the Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.  To the extent that a

7

325377375v.5

response is required, Defendant states that there have been certain temporary interruptions in service of the common area elevator over the last several years, that this elevator is not owned, operated, controlled or maintained by Defendant as it is located outside the premises that Defendant leases from Defendant HUSA Management Co., LLC., and that Defendant repeatedly requested that such operational issues be addressed by Defendant HUSA Management Co., LLC.

**COMPLAINT ¶22:**

Since 2023, the New York City Department of Buildings has received numerous complaints from persons with disabilities that they cannot patronize the AMC Theater because the elevator is not working.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Complaint.

**COMPLAINT ¶23:**

And since 2023, the New York City Department of Buildings has notified defendants of the complaints from persons with disabilities that they cannot patronize the AMC Theater because the elevator is not working.

**ANSWER:**

Defendant denies having knowledge or sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Complaint to the extent they are directed at Commonwealth Local Development Corp. and HUSA Management Co., LLC.  The remaining allegations contained in Paragraph "23" of the Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.  To the extent that a response is required, Defendant, upon information and belief, denies the allegations contained in Paragraph "23" of the Complaint.

8

325377375v.5

**COMPLAINT ¶24:**

Since 2023, the New York City Department of Buildings has issued violations and orders to the Defendants to make this elevator operational.

**ANSWER:**

Defendant denies having knowledge or sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the Complaint to the extent they are directed at Commonwealth Local Development Corp. and HUSA Management Co., LLC.   The remaining allegations contained in Paragraph "24" of the Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.  To the extent that a response is required, Defendant, upon information and belief, denies the allegations contained in Paragraph "24" of the Complaint.

**COMPLAINT ¶25:**

But Defendants have refused to spend the money necessary to make this elevator operational.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "25" of the Complaint.

**COMPLAINT ¶26:**

In other words, the Defendants have made a business decision that the cost of making the elevator operational is greater than the potential revenue from disabled customers.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "26" of the Complaint.

**COMPLAINT ¶27:**

Rather than fix the broken elevator, Defendants have resorted to hiding the existence of this elevator by placing a movie advertisement directly in front of the elevator on the first floor.

325377375v.5

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "27" of the

Complaint.

**COMPLAINT ¶28:**

The picture below shows how both Defendants are deliberately engaging in this discrimination and deception:



325377375v.5

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "28" of the

Complaint.

**COMPLAINT ¶29:**

Behind the movie advertisement is the first-floor elevator.

**ANSWER:**

Defendant admits that behind the movie advertisement is the first-floor elevator.

**COMPLAINT ¶30:**

On the second floor where a person with a disability cannot access, the Defendants have placed in front of the elevator a large stand with signage stating: Caution Do Not Enter.

**ANSWER:**

Defendant denies having knowledge or sufficient to form a belief as to the truth of the

allegations contained in Paragraph "30" of the Complaint to the extent they are directed at

Commonwealth Local Development Corp. and HUSA Management Co., LLC.   Defendant

denies the remaining allegations contained in Paragraph "30" of the Complaint.

**COMPLAINT ¶31:**

Below is a picture of the second-floor elevator, which is not operational and does not respond to pushing the buttons:

11

325377375v.5



**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "31" of the

Complaint.

**COMPLAINT ¶32:**

Plaintiff and her partner frequently visit the Harlem neighborhood where the AMC Theater is located.

325377375v.5

**<u>ANSWER:</u>**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations Paragraph "32" of the Complaint.

**<u>COMPLAINT ¶33:</u>**

Plaintiff and her partner have family and friends living in the Harlem neighborhood near the AMC Theater.

**<u>ANSWER:</u>**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations Paragraph "33" of the Complaint.

**<u>COMPLAINT ¶34:</u>**

While there are many movie theaters closer to plaintiff's home, plaintiff and her partner feel very strongly about supporting businesses in the Harlem community.

**<u>ANSWER:</u>**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations Paragraph "34" of the Complaint.

**<u>COMPLAINT ¶35:</u>**

The AMC Theater is one of the few multiplex movie theaters in Harlem and plaintiff and her partner specifically desire to patronize this theater to support a Harlem business and especially one associated with the famous Magic Johnson.

**<u>ANSWER:</u>**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations Paragraph "35" of the Complaint.

**<u>COMPLAINT ¶36:</u>**

Consequently, Plaintiff and her partner were very excited to patronize the AMC Theater.

325377375v.5

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations Paragraph "36" of the Complaint.

**COMPLAINT ¶37:**

Plaintiff and her partner generally try to see a movie every Tuesday.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations Paragraph "37" of the Complaint.

**COMPLAINT ¶38:**

On at least four occasions, Plaintiff and her partner have attempted to see a movie at the
AMC Theater with the last and most recent occasion being in January 2026.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations Paragraph "38" of the Complaint.

**COMPLAINT ¶39:**

Upon arriving at the AMC Theater, plaintiff and her partner noticed the escalator and
stairs leading to the third floor.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations Paragraph "39" of the Complaint.

**COMPLAINT ¶40:**

Plaintiff managed to find the elevator on the first floor and attempted to utilize it. But the
elevator was not working.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations Paragraph "40" of the Complaint.

14

**COMPLAINT ¶41:**

Plaintiff asked an employee stationed near the elevator as to how she could get to the third floor. This employee disclaimed any responsibility or knowledge to help plaintiff.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations Paragraph "41" of the Complaint.

**COMPLAINT ¶42:**

Plaintiff's partner is able-bodied.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "42" of the Complaint.

**COMPLAINT ¶43:**

Plaintiff's partner took plaintiff out of her wheelchair and carried her up three flights of stairs!

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "43" of the Complaint.

**COMPLAINT ¶44:**

To say that this was humiliating is an understatement.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "44" of the Complaint.

**COMPLAINT ¶45:**

Plaintiff's partner then had to secure plaintiff against the wall so that he could go back downstairs to retrieve plaintiff's wheelchair.

325377375v.5

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "45" of the Complaint.

**COMPLAINT ¶46:**

Plaintiff's partner carried plaintiff's wheelchair up three flights of stairs to plaintiff and then placed plaintiff back in her wheelchair.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "46" of the Complaint.

**COMPLAINT ¶47:**

Once plaintiff and her partner arrived at the AMC Theater, plaintiff's partner asked to speak to the manager about the lack of elevator service.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "47" of the Complaint.

**COMPLAINT ¶48:**

Plaintiff's partner spoke to an AMC employee management employee about the elevator.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "48" of the Complaint.

**COMPLAINT ¶49:**

The AMC employee responded that AMC was aware of the problem and acknowledged that the elevator being out of service impossible for a person with a disability to independently travel to the third-floor entrance of the theater.

325377375v.5

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "49" of the Complaint, and states that there have been certain temporary interruptions in service of the common area elevator over the last several years, that this elevator is not owned, operated, controlled or maintained by Defendant as it is located outside the premises that Defendant leases from Defendant HUSA Management Co., LLC., and that Defendant repeatedly requested that such operational issues be addressed by Defendant HUSA Management Co., LLC.

**COMPLAINT ¶50:**

The AMC employee made plaintiff, and her partner feel worthless and invisible.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "50" of the Complaint.

**COMPLAINT ¶51:**

Plaintiff still desires to patronize the AMC Theater in Harlem and by this action seeks to compel the defendants to make the premises wheelchair accessible for the benefit of all.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's intent, and denies each and every remaining allegation contained in Paragraph "51" of the Complaint.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

**COMPLAINT ¶52:**

Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the AMC Magic Johnson Harlem 9 premises located at 2309 Frederick Douglass Blvd, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

17

**ANSWER:**

The allegations contained in Paragraph "52" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.

**COMPLAINT ¶53:**

The AMC Magic Johnson Harlem 9 premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

**ANSWER:**

The allegations contained in Paragraph "53" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.

**COMPLAINT ¶54:**

Numerous architectural barriers exist at the AMC Magic Johnson Harlem 9 premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "54" of the

Complaint.

**COMPLAINT ¶55:**

Upon information and belief, 2309 Frederick Douglass Blvd was designed and constructed for first possession after 1998.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "55" of the Complaint.

**COMPLAINT ¶56:**

Upon information and belief, at some time after 2018, Defendants spent approximately $100,000 on alterations to the AMC Magic Johnson Harlem 9 premises, and to areas of 2309 Frederick Douglass Blvd related to the AMC Magic Johnson Harlem 9 premises.

325377375v.5

**ANSWER:**

The allegations contained in Paragraph "56" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.  To the extent

that a response is required, Defendant denies having knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph "56" of the Complaint.

**COMPLAINT ¶57:**

The services, features, elements and spaces of the AMC Magic Johnson Harlem 9 premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "57" of the

Complaint.

**COMPLAINT ¶58:**

Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the AMC Magic Johnson Harlem 9 premises that are open and available to the public.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "58" of the

Complaint.

**COMPLAINT ¶59:**

Defendants have not complied with their statutory obligation to maintain accessible features inclusive of elevators.

19

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "59" of the

Complaint.

**COMPLAINT ¶60:**

Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "60" of the

Complaint.

**COMPLAINT ¶61:**

Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing the AMC Magic Johnson Harlem 9 premises as well as architectural barriers that exist include, but are not limited to, the following:

I.      Defendants do not provide an accessible path of travel leading to the AMC Theater. See 28 C.F.R. § 36.304(c); and 1991 Standards §§ 4.1.1(1); 4.1.3(8), 4.32, and 4.14; and 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY §§ 1101.2, 1104.1, 1103.1.

II.     The property owner defendant failed to provide an accessible entrance to the tenant defendant. See 1991 Standards § 4.1.3(a)(iii); 2010 Standards § 206.4.5, 404; Administrative Code § 27-362; and BCCNY § 1105.1.6.

III.    Defendants fail to provide that there is one accessible route connecting all the public accommodations within the site. See 1991 Standards §§ 4.3.2, 4.1.2(2), 4.1.3(1); and 2010 Standards §§ 206.1, 206.2, 206.2.2, 206.2.4; and BCCNY § 1101.2, 1104.2.

IV.     Defendants fail to provide accessible vertical access to the third-floor entrance to the AMC Theater. 42 U.S.C. § 12183(b); and 28 C.F.R. §§ 36.404(a) and 36.401(d)(2).

V.      Defendants fail to provide access to all levels open to the public, and no accessible means of vertical access is provided to all levels including the AMC Theater. See 1991 Standards §§ 4.1.3, 4.1.6; and the 2010 Standards §§ 206.2.2, 206.2.3, 206.2.3.1, 206.2.4, 206.2.6.

VI.     Defendants fail to provide that at least one of each type of sales and/or service

20

325377375v.5

counter is accessible and dispersed throughout its premises. See 1991 Standards § 7.2; 2010 Standards §§ 227.3, 227.1, 904.4; and BCCNY §§ 1109.12, 1109.12.3.

VII.    Defendants fail to provide that at least one of each type of function counter is accessible and dispersed throughout its premises. See 1991 Standards §§ 7.2, 7.3(1); 2010 Standards §§ 227.3, 904; and BCCNY §§ 1109.12, 1109.12.3.

VIII.    Defendants fail to provide a portion of the sales and/or service counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length thereby making it impossible or exceedingly difficult for the plaintiff to conduct a transaction in a manner similar to non-disabled customers. See 1991 Standards § 7.2; 2010 Standards §§ 227.1, 227.3, 904.4; and BCCNY §§ 1109.12, 1109.12.3.

IX.    Defendants fail to provide the minimum required maneuvering clearances of level and clear space for an accessible path of travel to and from the sales and/or service counters. See 1991 Standards §§ 4.3, 4.2, 4.2.4, 4.32.2, 5.3; and 2010 Standards §§ 305, 305.3, 305.5, 305.6, 802.1.2, 802.1.3, 902.2, 903.1, 903.2, 902.4.1.

X.    Defendants fail to provide sufficient clear space of 30 inches by 48 inches in front of the sales and/or service counter from which to conduct the transaction. See 1991 Standards § 4.2.4.1, 7.1, 7.2; and 2010 Standards §§ 305, 904.4.

XI.    Defendants fail to provide an accessible route to approach the sales and/or service counters thereby making it impossible or exceedingly difficult for the plaintiff to conduct a transaction. See 1991 Standards §§ 7.1, 4.3; and 2010 Standards §§ 904.2, 403.

XII.    Defendants fail to provide an accessible route to exit the sales and/or service counters thereby making it impossible or exceedingly difficult for the plaintiff to conduct a transaction. See 1991 Standards §§ 7.1, 4.3; and 2010 Standards §§ 904.2, 403.

XIII.    Defendants fail to provide that the sales and/or service counters have accessible reach ranges from which to conduct a transaction. See 1991 Standards §§ 5.6 and 4.2; 2010 Standards §§ 904.5.1, 308, 227.4.

XIV.    Defendants fail to provide that the reach ranges for the operable controls of the customer point of sale debit/credit card terminal(s) are accessible. See 1991 Standards §§ 4.2.5, 4.2.6; and 2010 Standards §§ 308, 308.2.1, 308.3.1.

**ANSWER:**

Defendants respond to the allegations contained in Paragraphs "61(I)" through "61

(XIV)" of the Complaint as follows:

325377375v.5

I.  Defendant denies the allegations contained in Paragraph "61(I)" of the Complaint. Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "accessible") are vague, undefined, and/or conclusory.

II.  Defendant denies the allegations contained in Paragraph "61(II)" of the Complaint. Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "accessible") are vague, undefined, and/or conclusory.

III.  Defendant denies the allegations contained in Paragraph "61(III)" of the Complaint. Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "accessible route") are vague, undefined, and/or conclusory.

IV.  Defendant denies the allegations contained in Paragraph "61(IV)" of the Complaint. Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "accessible") are vague, undefined, and/or conclusory.

V.  Defendant denies the allegations contained in Paragraph "61(V)" of the Complaint. Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "accessible") are vague, undefined, and/or conclusory.

VI.  Defendant denies the allegations contained in Paragraph "61(VI)" of the Complaint. Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "accessible") are vague, undefined, and/or conclusory.

VII.  Defendant denies the allegations contained in Paragraph "61(VII)" of the Complaint. Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the premises; (2) they constitute conclusions of law as to

325377375v.5

which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "accessible") are vague, undefined, and/or conclusory.

VIII.   Defendant denies the allegations contained in Paragraph "61(VIII)" of the Complaint.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "finish floor") are vague, undefined, and/or conclusory.

IX.   Defendant denies the allegations contained in Paragraph "61(IX)" of the Complaint.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "maneuvering clearance" and "accessible") are vague, undefined, and/or conclusory.

X.   Defendant denies the allegations contained in Paragraph "61(X)" of the Complaint.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "clear space") are vague, undefined, and/or conclusory.

XI.   Defendant denies the allegations contained in Paragraph "61(XI)" of the Complaint.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "accessible route") are vague, undefined, and/or conclusory.

XII.   Defendant denies the allegations contained in Paragraph "61(XII)" of the Complaint.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "accessible route") are vague, undefined, and/or conclusory.

XIII.   Defendant denies the allegations contained in Paragraph "61(XIII)" of the Complaint.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "accessible") are vague, undefined, and/or conclusory.

325377375v.5

XIV.    Defendant denies the allegations contained in Paragraph "61(XIV)" of the Complaint.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "accessible") are vague, undefined, and/or conclusory.

**COMPLAINT ¶62:**

Upon information and belief, a full inspection of the AMC Magic Johnson Harlem 9 premises will reveal the existence of other barriers to access.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "62" of the

Complaint.

**COMPLAINT ¶63:**

As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the AMC Magic Johnson Harlem 9 premises to catalogue and cure all the areas of non-compliance with the ADA. Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

**ANSWER:**

The allegations contained in Paragraph "63" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.  To the extent

that a response is required, Defendant denies each and every allegation contained in Paragraph

"63" of the Complaint.

**COMPLAINT ¶64:**

Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "64" of the

Complaint.

24

**COMPLAINT ¶65:**

Defendants have not complied with their statutory obligation to ensure that their policies, practices, and procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications for persons with disabilities.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "65" of the

Complaint.

**COMPLAINT ¶66:**

Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the AMC Magic Johnson Harlem 9 premises continue to exist and deter Plaintiff.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "66" of the

Complaint.

**COMPLAINT ¶67:**

Plaintiff frequently travels to the area where the AMC Magic Johnson Harlem 9 premises are located.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "67" of the Complaint.

**COMPLAINT ¶68:**

Plaintiff intends to patronize the AMC Magic Johnson Harlem 9 premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegation regarding Plaintiff's intent, and denies each and every remaining allegation contained

in Paragraph "68" of the Complaint.

25

325377375v.5

**COMPLAINT ¶69:**

Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the AMC Magic Johnson Harlem 9 premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph "69" of the Complaint.

**COMPLAINT ¶70:**

Plaintiff intends to patronize the AMC Magic Johnson Harlem 9 premises several times a year as "tester" to monitor, ensure, and determine whether the AMC Magic Johnson Harlem 9 premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of

the allegation regarding Plaintiff's intent, and denies each and every remaining allegation

contained in Paragraph "70" of the Complaint.

**FIRST CAUSE OF ACTION**

**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

**COMPLAINT ¶71:**

Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

**ANSWER:**

Defendant repeats and restates its responses to all the allegations set forth in the

Complaint, including but not limited to Paragraphs "1" through "70", as if more fully set forth

herein.

26

325377375v.5

**COMPLAINT ¶72:**

Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility and has restricted use of arms and hands.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "72" of the Complaint.

**COMPLAINT ¶73:**

The "General Rule" of the ADA is that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182(a).

**ANSWER:**

The allegations contained in Paragraph "73" of the Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.

**COMPLAINT ¶74:**

Defendants violate the ADA at 42 U.S.C. §12182(a) by denying Plaintiff the full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations of its public accommodation.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "74" of the Complaint.

**COMPLAINT ¶75:**

The ADA at 42 U.S.C. §12182(b)(1)(A)(i) states that "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

27

**ANSWER:**

The allegations contained in Paragraph "75" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.

**COMPLAINT ¶76:**

Defendants violate the ADA at 42 U.S.C. §12182(b)(1)(A)(i) by denying Plaintiff, because of his disability, the opportunity to participate in and benefit from the services, facilities, privileges, advantages, or accommodations offered by the Defendants.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "76" of the

Complaint.

**COMPLAINT ¶77:**

The ADA at 42 U.S.C. §12182(b)(1)(B) states that "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

**ANSWER:**

The allegations contained in Paragraph "77" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.

**COMPLAINT ¶78:**

Defendants violate the ADA at 42 U.S.C. §12182(b)(1)(B) by failing to afford the disabled Plaintiff with its services, facilities, privileges, advantages, and accommodations in a setting that is integrated with non-disabled persons.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "78" of the

Complaint.

**COMPLAINT ¶79:**

Defendants fail to take measures to integrate people with disabilities and instead outright exclude people with disabilities like Plaintiff.

28

325377375v.5

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "79" of the

Complaint.

**COMPLAINT ¶80:**

The ADA at 42 U.S.C. §12182(b)(2)(A)(ii) defines discrimination as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations."

**ANSWER:**

The allegations contained in Paragraph "80" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.

**COMPLAINT ¶81:**

Defendants violate the ADA at 42 U.S.C. §12182(b)(2)(A)(ii) by failing to make reasonable modifications in their policies, practices, or procedures that would result in the disabled Plaintiff being able to enjoy its services, facilities, privileges, advantages, or accommodations.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "81" of the

Complaint.

**COMPLAINT ¶82:**

The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

**ANSWER:**

The allegations contained in Paragraph "82" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.

325377375v.5

**COMPLAINT ¶83:**

Defendants violate the ADA at 42 U.S.C. §12182(b)(2)(A)(iii) by failing to take all the necessary measures to "ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals."

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "83" of the

Complaint.

**COMPLAINT ¶84:**

Defendants violate the ADA at 42 U.S.C. §12182(b)(2)(A)(iii) by failing to take steps necessary to ensure that no individual with a disability is excluded, denied services, and/or segregated.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "84" of the

Complaint.

**COMPLAINT ¶85:**

Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can they escape liability by transferring their obligations to the other by contract (i.e., lease agreement). 28 C.F.R. 36.201(b).

**ANSWER:**

The allegations contained in Paragraph "85" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.

**COMPLAINT ¶86:**

Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability. Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "86" of the

Complaint.

325377375v.5

**COMPLAINT ¶87:**

By failing to comply with the law in effect for decades, Defendants have articulated to people with disabilities such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "87" of the

Complaint.

**COMPLAINT ¶88:**

Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "88" of the

Complaint.

**COMPLAINT ¶89:**

The AMC Magic Johnson Harlem 9 premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "89" of the

Complaint.

**COMPLAINT ¶90:**

Defendants failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "90" of the

Complaint.

325377375v.5

**COMPLAINT ¶91:**

The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "91" of the

Complaint.

**COMPLAINT ¶92:**

Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "92" of the

Complaint.

**COMPLAINT ¶93:**

By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "93" of the

Complaint.

**COMPLAINT ¶94:**

In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "94" of the

Complaint.

325377375v.5

**COMPLAINT ¶95:**

Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 et. seq., and 28 C.F.R § 36.101 et. seq.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "95" of the

Complaint.

**COMPLAINT ¶96:**

Defendants have and continue to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create a wheelchair accessible public accommodation.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "96" of the

Complaint.

**SECOND CAUSE OF ACTION**

**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

**COMPLAINT ¶97:**

Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

**ANSWER:**

Defendant repeats and restates its responses to all the allegations set forth in the

Complaint, including but not limited to Paragraphs "1" through "96", as if more fully set forth

herein.

**COMPLAINT ¶98:**

Plaintiff has various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore has a disability within the meaning of the Executive Law § 296(21).

325377375v.5

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "98" of the Complaint.

**COMPLAINT ¶99:**

In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

**ANSWER:**

The allegations contained in Paragraph "99" of the Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.

**COMPLAINT ¶100:**

By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

**ANSWER:**

The allegations contained in Paragraph "100" of the Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.

**COMPLAINT ¶101:**

Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "101" of the Complaint.

325377375v.5

**COMPLAINT ¶102:**

Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendants has aided and abetted others in committing disability discrimination.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "102" of the

Complaint.

**COMPLAINT ¶103:**

Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "103" of the

Complaint.

**COMPLAINT ¶104:**

In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "104" of the

Complaint.

**COMPLAINT ¶105:**

It would be readily achievable to make Defendants' place of public accommodation fully accessible.

**ANSWER:**

The allegations contained in Paragraph "105" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.

35

325377375v.5

**COMPLAINT ¶106:**

It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "106" of the

Complaint.

**COMPLAINT ¶107:**

As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to, humiliation, embarrassment, stress, and anxiety.

**ANSWER:**

Defendant denies having knowledge or sufficient to form a belief as to the truth of the

allegations regarding Plaintiff's alleged conditions contained in Paragraph "107" of the

Complaint.   Defendant denies each and every remaining allegation contained in Paragraph

"107" of the Complaint

**COMPLAINT ¶108:**

Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "108" of the

Complaint.

**THIRD CAUSE OF ACTION**

**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

**COMPLAINT ¶109:**

Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

325377375v.5

**ANSWER:**

Defendant repeats and restates its responses to all the allegations set forth in the Complaint, including but not limited to Paragraphs "1" through "108", as if more fully set forth herein.

**COMPLAINT ¶110:**

Plaintiff has various medical conditions that separately and together impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "110" of the Complaint.

**COMPLAINT ¶111:**

Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)). Each of the Defendants has aided and abetted others in committing disability discrimination.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "111" of the Complaint.

**COMPLAINT ¶112:**

Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "112" of the Complaint.

325377375v.5

**COMPLAINT ¶113:**

Defendants have discriminated and continue to discriminate against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating, and/or maintaining an inaccessible commercial facility/space.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "113" of the

Complaint.

**COMPLAINT ¶114:**

Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "114" of the

Complaint.

**COMPLAINT ¶115:**

Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "115" of the

Complaint.

**COMPLAINT ¶116:**

In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

325377375v.5

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "116" of the

Complaint.

**COMPLAINT ¶117:**

Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "117" of the

Complaint.

**COMPLAINT ¶118:**

Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "118" of the

Complaint.

**COMPLAINT ¶119:**

Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "119" of the

Complaint.

325377375v.5

**COMPLAINT ¶120:**

As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to, humiliation, stress, and embarrassment.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "120" of the

Complaint.

**COMPLAINT ¶121:**

Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "121" of the

Complaint.

**COMPLAINT ¶122:**

By failing to comply with the law in effect for decades, Defendants have articulated to people with disabilities such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "122" of the

Complaint.

**COMPLAINT ¶123:**

Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "123" of the

Complaint.

325377375v.5

**COMPLAINT ¶124:**

By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "124" of the

Complaint.

**COMPLAINT ¶125:**

Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "125" of the

Complaint.

## FOURTH CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

**COMPLAINT ¶126:**

Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

**ANSWER:**

Defendant repeats and restates its responses to all the allegations set forth in the

Complaint, including but not limited to Paragraphs "1" through "125", as if more fully set forth

herein.

**COMPLAINT ¶127:**

Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

41

325377375v.5

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "127" of the

Complaint.

**COMPLAINT ¶128:**

Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil
Rights Law §§ 40-c and 40-d for each violation.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "128" of the

Complaint.

**COMPLAINT ¶129:**

Notice of this action has been served upon the Attorney General as required by Civil
Rights Law § 40-d.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "129" of the Complaint.


**INJUNCTIVE RELIEF**

**COMPLAINT ¶130:**

Plaintiff will continue to experience unlawful discrimination because of Defendants'
failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to
order Defendants to alter and modify their place of public accommodation and their operations,
policies, practices, and procedures.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "130" of the

Complaint.

**COMPLAINT ¶131:**

Injunctive relief is also necessary to make Defendants' facilities readily accessible to and
usable by Plaintiff in accordance with the above-mentioned laws.

325377375v.5

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "131" of the Complaint.

**COMPLAINT ¶132:**

Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "132" of the Complaint.

## JURY DEMAND

Defendant denies that Plaintiff is entitled to a trial by jury.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

By pleading the following as Affirmative and/or other Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves the position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish the requested relief.  Without prejudice to their denials and other statements of their pleadings, Defendant alleges the following defenses:

1.    The Complaint fails to state a claim upon which relief can be granted.

43

2.      Plaintiff lacks standing to seek relief for herself, and all persons similarly situated, with respect to conditions that do not affect her disability.

3.      Plaintiff lacks standing to seek injunctive relief because she is under no threat of imminent harm.

4.      Defendant did not design or construct the property and/or property elements at issue in the Complaint.

5.      Any and all alterations that were made to the premises after January 26, 1992 were made so that, to the maximum extent feasible, the altered portion of the premises, if any, are readily accessible to, and usable by, individuals with disabilities.  To the extent any such alterations are not readily accessible and usable by individuals with disabilities, it was not feasible to make them so.

6.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint is structurally impracticable and/or technically infeasible

7.      The premises provide equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy their goods, facilities, and services.

8.      To the extent any alterations were made to the premises triggering the requirements of 28 C.F.R. § 36.403 (path of travel), the costs of meeting those requirements are disproportionate to the cost of the alterations.

9.      Assuming, arguendo, that the ADA Standards at 28 C.F.R. Part 36 App. A are deemed relevant to this case, any deviations from those guidelines are de minimis and within construction and/or manufacturing tolerances.

44

10.     To the extent that Plaintiff was not provided with full and equal accommodations, advantages, facilities, or privileges of services, it was because Plaintiff failed to provide sufficient notice of the need and sufficient opportunity to do so.

11.     Plaintiff cannot recover for any violations she did not personally encounter on a particular occasion and which have not deterred any desire for access.

12.     Plaintiff's claims are barred to the extent that federal, state, or local laws, including zoning and landmark ordinances, prohibit the physical modifications sought.

13.     Plaintiff's claims are barred to the extent that accommodating Plaintiff would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, benefits and/or accommodations offered to the public and/or result in an undue burden.

14.     The claims for relief set forth in the Complaint are barred by the applicable statutes of limitations.

15.     Plaintiff has failed to take any reasonable steps to mitigate, alter or otherwise reduce his alleged damages, including attorneys' fees, expenses and costs.  Thus, any damages and/or fees, expenses and costs awarded to Plaintiff should be reduced accordingly.

16.     Plaintiff has not suffered any damages as a result of any actions taken and/or not taken by Defendant, or its agents, and Plaintiff is thus barred from asserting any claims for relief against Defendant.

17.     To the extent Plaintiff seeks punitive damages, any such recovery is unconstitutional because it violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.

325377375v.5

18.     To the extent Plaintiff seeks punitive damages, any such recovery is unconstitutional because it violates the excessive fines clause of the Eighth Amendment of the Constitution of the United States.

19.     Plaintiff's claims are barred to the extent they seek to impose upon Defendant obligations for which Defendant is not legally responsible.

20.     Plaintiff's claims fail to the extent implementation of the requested alteration would pose a direct threat to the health and safety of others, including Plaintiff.

21.     Defendant is informed, believe, and based thereon allege that the Complaint, and all purported claims alleged in the Complaint, are barred by the doctrine of unclean hands by reason of Plaintiff's pattern and practice of visiting places of public accommodation without the intent of accessing goods and services and instead with the purpose of filing lawsuits, such as in the current action.

22.     Plaintiff is not entitled to recover attorneys' fees for moot claims under *Buckhannon Bd. & Care Home v. West Virginia Dept. Of Health And Human Resources*, 532 U.S. 598 (2001).

## RESERVATION OF RIGHT TO AMEND

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

## CROSSCLAIMS AGAINST COMMONWEALTH LOCAL DEVELOPMENT CORP. AND HUSA MANAGEMENT CO., LLC

Pursuant to Federal Rule of Civil Procedure 13(g), Defendant American Multi-Cinema, Inc. ("AMC" or "Defendant") asserts the following Crossclaims against Defendants

Commonwealth Local Development Corp. and HUSA Management Co., LLC (collectively "Landlord").

1.      The above-captioned action ("Action") concerns the AMC Theatre located at 2309 Frederick Douglass Boulevard, New York, New York ("Subject Property") as well as the common areas of the building where the Subject Property is located.

## JURISDICTION AND VENUE

2.      These Crossclaims arise out of the events and circumstances that are the subject matter in the Action.  This Court has jurisdiction over these Crossclaims and the parties to it, pursuant to 28 U.S.C. § 1367.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b).

## THE MAGIC JOHNSON HARLEM 8 THEATRE

4.      On August 21, 1996, HUSA Operating Co., LLC entered into a lease agreement with RKO Century Warner Theaters, Inc. for the Subject Property ("Lease").

5.      The interest of HMV USA Inc. of New York as tenant in the Lease was subsequently assigned to Magic Johnson Theatres, and thereafter Defendant assumed the Lease, and the interest of HUSA Operating Co., LLC in the Lease was subsequently assigned to Landlord.

6.      Under the Lease, Landlord represented and warrantied that it would "comply with all legal requirements pertaining to Landlord's Base Building Work."  (Lease § 8(a).) Landlord's Base Building Work includes "one passenger elevator serving the theaters and certain other retail and or entertainment uses."  (Lease at Ex. B, § 6(f).)  "Legal Requirements" explicitly include "all present of future laws, statutes and ordinances including environmental,

47

building codes . . ., including but not limited to the Americans with Disabilities Act." (Lease § 8(c)(ii).)

7. The Lease requires "Landlord [to] maintain, in accordance with industry standards for similar commercial properties in Manhattan, the Landlord's Base Building Work and the Common Areas . . . ." (Lease § 14.) The Lease defined the "Common Area" to include the passenger elevator. (*See* Lease at Ex. A.)

8. Additionally, the Lease provides that "Landlord shall operate, manage, equip, light, repair, replace and maintain the common areas[.]" (Lease § 17(d).) While the Lease states that AMC has a "non-exclusive and non-transferable license . . . to use, during the Lease Term, the common areas," such as the passenger elevator, Landlord is to "comply with legal requirements for egress." (Lease § 17(d).)

9. The Lease expressly states that while the tenant has certain indemnification obligations, Landlord is not exempt from liability for its own negligence or willful misconduct. (Lease § 18(c).)

10. Since at least November 2025, there were several instances where the "one passenger elevator serving the theaters and certain other retail and or entertainment uses" identified in the Lease (the "Elevator") had temporary interruptions in service to due to, upon information and belief, equipment or other mechanical malfunctions. (Lease at Ex. B, § 6(f).)

11. The Elevator was at all times outside of the premises leased by AMC, and is not owned, operated, controlled, or maintained by AMC as it is located in the Common Area.

12. Since at least November 2025 and continuing through April 2026, AMC repeatedly communicated with Landlord regarding the interruptions in service of the Elevator

325377375v.5

and resulting complaints by customers, and further requested that the issue be promptly addressed by Landlord.

13.     On or about April 24, 2026, the functioning and service of the Elevator was restored.

## THE ACTION

14.     On or about February 12, 2026, Plaintiff Sabrina Bennett ("Plaintiff") filed the Complaint ("Complaint") in the Action (ECF No. 1).

15.     Plaintiff alleges that she has a mobility disability and ambulates with the assistance of a wheelchair.  (Compl. ¶ 14.)  Plaintiff alleges that she attempted to and desired to access the Subject Property on at least four occasions, and most recently in January 2026, but the Elevator was non-functional.  (*Id.* ¶¶ 38-40.)

16.     Plaintiff alleges that the state of the Elevator during her visits constituted a barrier to access for individuals with mobility such as Plaintiff in violation of ADA, the New York State Human Rights Law, New York City Human Rights Law, and the New York State Civil Rights Law.  (*Id.* ¶¶ 1, 39-47, 57-61, 78-96, 101-104, 111-123.)

17.     The claims for relief asserted by Plaintiff against AMC and the other Defendants include "discrimination with *willful* or wanton *negligence*, and/or recklessness, and/or a conscious disregard of the rights of others . . . ."  (*Id.* ¶ 123 (emphasis added).)

## FIRST CROSSCLAIM (Common Law Indemnification)

18.     Defendant repeats and incorporates all allegations set forth in Paragraphs "1" through "22" of its Crossclaims as if set forth in full herein.

19.     That if the damages and injuries alleged in the Complaint were the result of the acts or negligence other than Plaintiff's own conduct, they were caused by the negligence or conduct of Landlord, its agents, servants, and/or employees without any negligence or

49

325377375v.5

participation, active or otherwise, on the part of Defendant contributing thereto and in that Landlord caused, created, owned, and were responsible for the conditions alleged in the Complaint and in that Landlord actively and actually caused, created, owned, maintained and were responsible for the conditions alleged in the Complaint, and for these reasons, Landlord must indemnify Defendant and hold harmless Defendant against any and all liability and damages which may be imposed upon Defendant.

20.    Therefore, Defendant demands judgment over Landlord for the amount of any verdict or judgment which shall or may be imposed against Defendant, together with all fees, costs and expenses which may be incurred in the Action.

## SECOND CROSSCLAIM (Contribution)

21.    Defendant repeats and incorporates all allegations set forth in Paragraphs "1" through "20" of its Crossclaims as if set forth in full herein.

22.    That if Defendant is held liable in the Action, such liability and damages will have arisen out of and have been contributed to in all or in part by the negligence, breach of the Americans with Disabilities Act, the New York State Human Rights Law or the New York City Human Rights Law, and/or strict liability of Landlord, together with any servants, agents and/or employees of the same.

23.    Therefore, Defendant demands judgment over Landlord for the amount of any verdict or judgment which shall or may be imposed against Defendant, together with all fees, costs and expenses which may be incurred in the Action.

**WHEREFORE**, Defendant prays that the Court enters a judgment:

1.    in favor of AMC and against Landlord as to the Crossclaims of AMC;

2.    granting AMC its attorneys' fees and costs; and

325377375v.5

51

3.      granting AMC such other and further relief as the Court may deem just and proper.


Dated:  New York, New York              Respectfully submitted,
        May 27, 2026
                                        SEYFARTH SHAW LLP


                                        By:  */s/ John W. Egan*
                                             John W. Egan
                                             jegan@seyfarth.com
                                             620 Eighth Avenue
                                             New York, New York  10018
                                             Telephone:  (212) 218-5500
                                             Facsimile:  (212) 218-5526

                                             *Attorneys for Defendant*
                                             *AMERICAN MULTI-CINEMA, INC.*


51

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 27, 2026, I caused the filing of the foregoing ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND CROSSCLAIMS AGAINST DEFENDANTS COMMONWEALTH LOCAL DEVELOPMENT CORP. AND HUSA MANAGEMENT CO., LLC with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


*/s/ John W. Egan*
John W. Egan

325377375v.5