UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

SABRINA BENNETT,

                    Plaintiff,

      -against-

COMMONWEALTH LOCAL
DEVELOPMENT CORP., HUSA
MANAGEMENT CO., LLC AND
AMERICAN MULTI-CINEMA, INC.,

                Defendants.

---------------------------------------------------------X

Civil Action No. 1:26-cv-01211-JAV

**ANSWER AND AFFIRMATIVE AND OTHER DEFENSES BY AMERICAN MULTI-CINEMA, INC. IN RESPONSE TO AMENDED CROSS-CLAIMS**

Defendant, American Multi-Cinema, Inc. ("Defendant"), by and through its attorneys, Seyfarth Shaw LLP, hereby answers Amended Cross-Claims of Commonwealth Local Development Corp. ("Commonwealth") and HUSA Management Co., LLC ("HUSA Management") ("Cross-Claims") as follows:

## AS AND FOR A FIRST CROSS-CLAIM
### (Contractual Indemnification)

**FIRST CROSS-CLAIM ¶1:**

HUSA Management and a third-party entered into a lease agreement on August 21, 1996 (*see* **Exhibit A**), that was assumed by AMERICAN MULTI-CINEMA, INC. ("AMC") (*see* **Exhibit B**), wherein AMC agreed to defend and indemnify HUSA, as landlord, and Commonwealth, as ground lessor. (Note that, for purposes of this cross-claim, Exhibit A and Exhibit B are redacted copies of the lease agreements and only include the relevant provisions to the cross-claim herein).

**ANSWER:**

The allegations contained in Paragraph "1" of the First Cross-Claim are a restatement of the lease and assignment agreements, which speak for themselves. Defendant denies any allegations inconsistent therewith, except admits that HUSA Operating Co., LLC and a third-party entered into a lease agreement on August 21, 1996, which Defendant assumed.

**FIRST CROSS-CLAIM ¶2:**

The aforesaid agreement was in full force and effect on all relevant dates herein mentioned in the Plaintiff's Complaint.

**ANSWER:**

The allegations contained in Paragraph "2" of the First Cross-Claim are a restatement of

the lease and assignment agreements, which speak for themselves.  Defendant denies any

allegations inconsistent therewith.

**FIRST CROSS-CLAIM ¶3:**

Pursuant to said agreement, AMC is contractually obligated to defend and indemnify Answering Defendants with respect to the claims and allegations asserted by Plaintiff in the Complaint.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "3" of the First

Cross-Claim.

**FIRST CROSS-CLAIM ¶4:**

AMC further agreed to release all claims against both HUSA and Commonwealth.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "4" of the First

Cross-Claim.

**FIRST CROSS-CLAIM ¶5:**

The relevant provisions include the "Indemnity" and "Release" in Section 18 of "**Exhibit A**" which states in relevant part as follows:

(a)  Tenant hereby agrees to defend, pay, indemnify and save free and harmless Landlord and its partners, principals, and managing agent(s), and any fee owner or ground lessors of the Project, to the full extent permitted by law, from and against any and all claims, demands, liabilities, fines, suits, actions, proceedings, orders, decrees and judgments of any kind or nature by or in favor of anyone whomsoever and from and against any and all costs and expenses, including reasonable actual attorneys' fees, resulting from or in connection with loss of life, bodily or personal injury or damage to property arising directly or indirectly, out

2

325846789v.3

of or from or on account of any occurrence in, upon, or from the Demised Premises or occasioned wholly or in part through the use and occupancy of the Demised Premises or any improvements therein or appurtenances thereto, any breach by Tenant of its obligations under this Lease including but not limited to the failure to comply with the Permitted Use or with Legal Requirements or by any intentional act or omission or negligence of Tenant or any subtenant, concessionaire or licensees of Tenant, or their respective employees, agents, invitees, customers or contractors in, upon, at or from the Demised Premises or its appurtenances or any common areas of the Project.

(b)  Tenant... shall occupy and use the Demised Premises and any improvements therein and appurtenances thereto and all portions of the Project solely at their own risk and...  Tenant hereby release Landlord and any fee owner or ground or underlying lessors of the Project, to the full extent permitted by law, from all claims of every kind... arising, directly or indirectly, out of or from or on account of such occupancy and use or resulting from any present or future condition or state of repair thereof.

**ANSWER:**

The allegations contained in Paragraph "5" of the First Cross-Claim are a restatement of the lease and assignment agreements, which speak for themselves.  Defendant denies any allegations inconsistent therewith.

**FIRST CROSS-CLAIM ¶6:**

Moreover, Section 1(a) of **Exhibit A**, defines "Demised Premises" and the "Project" as follows:

Subject to the terms and agreements provided for herein, Landlord hereby leases to Tenant and Tenant hereby rents from Landlord those certain demised premises (the "Demised Premises" or "Premises") approximately shown on the plans attached as Exhibit A constituting part of a mixed use commercial development to be constructed by Landlord containing approximately 275,000 gross square feet... situated at 300 West 125th Street, New York, New York (the "Project").

**ANSWER:**

The allegations contained in Paragraph "6" of the First Cross-Claim are a restatement of the lease and assignment agreements, which speak for themselves.  Defendant denies any allegations inconsistent therewith.

3

**FIRST CROSS-CLAIM ¶7:**

Additionally, **Exhibit A** at section 8(c)(ii), defines "Legal Requirements" as follows:

Legal Requirements shall mean all present or future applicable laws, statutes and ordinances including environmental, building codes and zoning regulations and ordinances ordinary and extraordinary, foreseen or unforeseen, including but not limited to the Americans with Disabilities Act, and the orders, rules, regulations, directives, recommendations and requirements of all federal, state, county, city and borough departments, bureaus, boards, agencies, offices, commissions and other subdivisions thereof...

**ANSWER:**

The allegations contained in Paragraph "7" of the First Cross-Claim are a restatement of

the lease and assignment agreements, which speak for themselves.  Defendant denies any

allegations inconsistent therewith.

**FIRST CROSS-CLAIM ¶8:**

Lastly, Section 10(a) of **Exhibit A**, states that:

Tenant agrees, at Tenant's own cost and expense to comply with all Legal Requirements concerning the Demised Premises (including Tenant's Alterations, if any, thereto) or Tenant's use thereof including but not limited to the Americans with Disabilities Act...

**ANSWER:**

The allegations contained in Paragraph "8" of the First Cross-Claim are a restatement of

the lease and assignment agreements, which speak for themselves.  Defendant denies any

allegations inconsistent therewith.

**FIRST CROSS-CLAIM ¶9:**

Moreover, pursuant to the relevant lease provisions, AMC was obligated to add the Answering Defendants as additional insureds to AMC's  general liability insurance policy.

4

**ANSWER:**

The allegations contained in Paragraph "9" of the First Cross-Claim are a restatement of

the lease and assignment agreements, which speak for themselves.  Defendant denies any

allegations inconsistent therewith.

**FIRST CROSS-CLAIM ¶10:**

Section 19(a) of **Exhibit A**, states that:

Tenant agrees to secure and keep in force throughout the Lease Term, at Tenant's own cost and expense, (i) Comprehensive General Liability Insurance on an occurrence basis with a minimum limit of liability in amounts set by Landlord and in no event less than the amount of Fifty Million Dollars ($50,000,000)...

Section 19(e) continues Tenant's obligations to Answering Defendants by stating in pertinent part that:

All insurance procured by Tenant under subparagraph 19(a) hereof shall be issued in the names and for the benefit of Landlord, Tenant and... its mortgagee and ground lessor...

**ANSWER:**

The allegations contained in Paragraph "10" of the First Cross-Claim are a restatement of

the lease and assignment agreements, which speak for themselves.  Defendant denies any

allegations inconsistent therewith.

**FIRST CROSS-CLAIM ¶11:**

By way of corporate background of the tenant under the Lease, RKO Century Warner Theatres, Inc., the tenant under the original lease, was bought by Cineplex Odeon Corp. in 1986.[1] Then in 1998, a merger between its parent company Cineplex Odeon Corp. and Sony-Loews Theatres was completed with the newly merged company going by the name Loews Cineplex Entertainment Corporation.[2]  Finally, in 2006, Loews Cineplex merged with AMC Entertainment Inc., with AMC Entertainment Inc. continuing as the surviving corporation.[3]

---

[1] https://www.nytimes.com/1986/07/30/business/cineplex-theater-deal-seen.html
[2] https://www.justice.gov/archive/opa/pr/1998/April/182.htm.html
[3] https://www.sec.gov/Archives/edgar/data/722077/000110465906004454/a06-3716_3ex99d1.htm

5

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the First Cross-Claim, except admits that in or about 2006, AMC Entertainment Inc. merged with Loews Cineplex Entertainment.

**FIRST CROSS-CLAIM ¶12:**

Through the various acquisitions and mergers described above, American Multi-Cinema, Inc., a subsidiary of AMC Entertainment Inc., assumed, as a successor in interest, the Original Lease (**Exhibit A**) dated August 21, 1996, and thereby assumed the indemnification requirements under the Lease, outlined above.  Accordingly, AMC is responsible for HUSA and Commonwealth's defense and indemnification in this Action.

**ANSWER:**

Defendant admits American Multi-Cinema, Inc. is a subsidiary of AMC Entertainment Inc. and that, by merger with Loews Cineplex Entertainment, Defendant assumed the Original Lease dated August 21, 1996, except denies that it owes defense or indemnification to HUSA or Commonwealth in this Action.  The remaining allegations contained in Paragraph "12" of the First Cross-Claim constitute legal conclusions that are deemed to be denied.

**FIRST CROSS-CLAIM ¶13:**

On June 18, 2020, HUSA and AMC agreed to a "Sixth Amendment of Lease."  (*See* **Exhibit B**).  (Note that, for purposes of this cross-claim, Exhibit B is a redacted copy of the lease agreement and only includes the relevant provisions to the cross-claim herein).  This Lease "Amendment", wherein HUSA (defined as "Landlord") and American Multi-Cinema, Inc. (defined as "Tenant"), states in Section 3.2:

> The parties hereby ratify and confirm all of the terms, covenants and conditions of the Lease, except to the extent that those terms, covenants and conditions are amended, modified or varied by this Agreement. ...

6

**ANSWER:**

The allegations contained in Paragraph "13" of the First Cross-Claim are a restatement of the lease and assignment agreements, which speak for themselves. Defendant denies allegations inconsistent therewith, except admits that on June 18, 2020, HUSA Management and Defendant entered into the "Sixth Amendment to Lease."

**FIRST CROSS-CLAIM ¶14:**

Thus, this includes the Original Lease's "Indemnity" provision.  This also includes the Original Lease's provisions that indicate that Tenant is to comply with the Americans with Disabilities Act.  (As **Exhibit A**, section 18 states that Tenant agreed to defend and indemnify landlord against any and all claims related to the Tenant's failure to comply with Legal Requirements, and Legal Requirements is defined at Section 8(c)(ii) to include the Americans with Disabilities Act).  Lastly, it includes the lease provision, Section 19(a), that Tenant was to procure and maintain General Liability Insurance coverage for Answering Defendants for instances such as this.

**ANSWER:**

The allegations contained in Paragraph "14" of the First Cross-Claim are a restatement of the lease and assignment agreements, which speak for themselves. Defendant denies allegations inconsistent therewith.

**FIRST CROSS-CLAIM ¶15:**

The Answering Defendants are hereby entitled to all of the representations, warranties, covenants and causes accruing to its benefit by virtue of the aforesaid indemnification provisions of the agreement.

**ANSWER:**

The allegations contained in Paragraph "15" of the First Cross-Claim constitute legal conclusions that are deemed to be denied.

**FIRST CROSS-CLAIM ¶16:**

AMC is contractually obligated to defend, indemnify and hold Answering Defendants harmless from and against all claims, damages, losses, expenses, liabilities, professional fees,

7

325846789v.3

court costs, including but not limited to attorneys' fees, arising out of or resulting from the instant lawsuit and costs for prosecuting the instant cross-claim.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "16" of the First Cross-Claim.

**FIRST CROSS-CLAIM ¶20:** [sic]

Answering Defendants demand an answer to their First Cross-Claim.

**ANSWER:**

The allegations contained in Paragraph "20" of the First Cross-Claim constitute legal conclusions that are deemed to be denied.

**AS AND FOR A SECOND CROSS-CLAIM**
**(Breach of Contract)**

**SECOND CROSS-CLAIM ¶1:**

The Answering Defendants repeat and reiterate each and every allegation set forth in the First Cross Claim with the same force and effect as if more fully set forth at length herein.  The Answering Defendants are hereby entitled to all of the representations, warranties, covenants and causes accruing to its benefit by virtue of the aforesaid indemnification provisions of the agreement.

**ANSWER:**

Defendant repeats and restates its responses to all the allegations set forth in the First Cross-Claim as if more fully set forth herein.  The allegations contained in Paragraph "1" of the Second Cross-Claim constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.  To the extent that a response is required, Defendant denies each and every allegation contained in Paragraph "1" of the Second Cross-Claim.

**SECOND CROSS-CLAIM ¶2:**

On April 21, 2026, Answering Defendants sent AMC's counsel a letter tendering their defense and indemnification.  *See* **Exhibit C**.

8

325846789v.3

**ANSWER:**

The allegations contained in Paragraph "2" of the Second Cross-Claim are a restatement of the letter, which speaks for itself.  Defendant denies any allegations inconsistent therewith, except admits HUSA Management and Commonwealth's counsel sent Defendant's counsel a letter on April 21, 2026.

**SECOND CROSS-CLAIM ¶3:**

On May 4, 2026, AMC rejected Answering Defendants' tender letter, declining to provide Answering Defendants with a defense in the action, pay their legal fees or costs, or provide indemnification.

**ANSWER:**

The allegations contained in Paragraph "3" of the Second Cross-Claim are a restatement of the letter, which speaks for itself.  Defendant denies any allegations inconsistent therewith, except admits Defendant's counsel sent HUSA Management and Commonwealth's counsel a letter on May 4, 2026.

**SECOND CROSS-CLAIM ¶4:**

Consequently, AMC has breached its agreement with Answering Defendants by failing to defend, indemnify, and hold Answering Defendants harmless in this action.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "4" of the Second Cross-Claim.

**SECOND CROSS-CLAIM ¶5:**

In accordance with the above, AMC is contractually obligated to defend, indemnify  and hold Answering Defendants harmless from and against all claims, damages, losses, expenses, liabilities, professional fees, court costs, including but not limited to attorneys' fees, arising out of or resulting from the instant lawsuit and costs for prosecuting the instant cross-claim.

325846789v.3

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "5" of the Second

Cross-Claim.

**SECOND CROSS-CLAIM ¶6:**

Answering Defendants demand an answer to their Second Cross-Claim.

**ANSWER:**

The allegations contained in Paragraph "6" of the Second Cross-Claim constitute legal

conclusions that are deemed to be denied.

### AS AND FOR A THIRD CROSS-CLAIM
### (Common Law Indemnification)

**THIRD CROSS-CLAIM ¶1:**

The Answering Defendants repeat and reiterate each and every allegation set forth in the
First and Second  Cross Claim with the same force and effect as if more fully set forth at length
herein.

**ANSWER:**

Defendant repeats and restates its responses to all the allegations set forth in the First and

Second Cross-Claims as if more fully set forth herein.

**THIRD CROSS-CLAIM ¶2:**

That if the damages and injuries alleged in the Complaint were the result of the acts or
negligence other than Plaintiff's own conduct, they were caused by the negligence or conduct of
AMC, its agents, servants, and/or employees without any negligence or participation, active or
otherwise, on the part of the Answering Defendants contributing thereto and in that AMC
caused, created, owned, and were responsible for the conditions alleged in Plaintiff's Complaint
and at the premises located at 2309 Frederick Douglass Blvd in New York County, New York
and in that AMC actively and actually caused, created, owned, maintained and were responsible
for the conditions alleged in the Plaintiff's Complaint, and for these reasons, AMC must
indemnify the Answering Defendants and hold harmless Answering Defendants against any and
all liability and damages which may be imposed upon Answering Defendants.  If any negligence
or liability is found to exist on the part of the Answering Defendants, such liability and
negligence or conduct will be secondary and/or passive to AMC.

325846789v.3

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "2" of the Third

Cross-Claim.

**THIRD CROSS-CLAIM ¶3:**

Therefore, Answering Defendants demand judgment over AMC for the amount of any verdict or judgment which shall or may be imposed against the Answering Defendants, together with all fees, costs and expenses which may be incurred in this action.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "3" of the Third

Cross-Claim.

**THIRD CROSS-CLAIM ¶4:**

Answering Defendants demand an answer to their Third Cross-Claim.

**ANSWER:**

The allegations contained in Paragraph "4" of the Third Cross-Claim constitute legal

conclusions that are deemed to be denied.

**AS AND FOR A FOURTH CROSS-CLAIM**
**(Contribution)**

**FOURTH CROSS-CLAIM ¶1:**

The Answering Defendants repeat and reiterate each and every allegation set forth in the First, Second, and Third Cross Claims with the same force and effect as if more fully set forth at length herein.

**ANSWER:**

Defendant repeats and restates its responses to all the allegations set forth in the First,

Second, and Third Cross-Claims as if more fully set forth herein.

**FOURTH CROSS-CLAIM ¶2:**

That if Answering Defendants are held liable in this action, such liability and damages will have arisen out of and have been contributed to in all or in part by the negligence, breach of the Americans with Disabilities Act, the New York State Human Rights Law, New York State

11

325846789v.3

Civil Rights Law or the New York City Human Rights Law, and/or strict liability of AMC, together with any servants, agents and/or employees of the same.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "2" of the Fourth Cross-Claim.

**FOURTH CROSS-CLAIM ¶3:**

Therefore, Answering Defendants demand judgment over AMC for the amount of any verdict or judgment which shall or may be imposed against the Answering Defendants, together with all fees, costs and expenses which may be incurred in this action.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "3" of the Fourth Cross-Claim.

**FOURTH CROSS-CLAIM ¶4:**

Answering Defendants demand an answer to their Fourth Cross-Claim.

**ANSWER:**

The allegations contained in Paragraph "4" of the Third Cross-Claim constitute legal conclusions that are deemed to be denied.

## GENERAL DENIAL

Defendant denies each and every allegation in the Cross-Claims not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

By pleading the following as Affirmative and/or other Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves the position that Commonwealth and HUSA Management retain the burden of proof on all matters necessary to state the claims asserted in the Cross-

325846789v.3

Claims and to establish the requested relief. Without prejudice to their denials and other statements of their pleadings, Defendant alleges the following defenses:

1.     The Cross-Claims fail to state a claim upon which relief can be granted.

2.     To the extent Commonwealth and HUSA Management suffered any damages as alleged in the Cross-Claims, the damages were caused by the negligence or fault of persons and entities other than Defendant, including Commonwealth and HUSA Management.  Their right of recovery from Defendant, if any, must be reduced accordingly.

3.     Commonwealth and HUSA have not suffered any damages as a result of any actions taken by Defendant or its agents, and Commonwealth and HUSA Management are thus barred from asserting any claims against Defendant.

4.     The Cross-Claims are barred to the extent they seek to impose upon Defendant obligations for which it is not legally responsible.

5.     The Cross-Claims are barred by Commonwealth and HUSA Management's breach of the lease and assignment agreements and/or failure to comply with the lease and assignment agreements.

## **RESERVATION OF RIGHT TO AMEND**

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

325846789v.3

Dated:  New York, New York
   May 27, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ John W. Egan*

  John W. Egan
  jegan@seyfarth.com
  620 Eighth Avenue
  New York, New York  10018
  Telephone:  (212) 218-5500
  Facsimile:  (212) 218-5526

  *Attorneys for Defendant*
  *AMERICAN MULTI-CINEMA, INC.*

14

325846789v.3

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, I caused the filing of the foregoing ANSWER AND AFFIRMATIVE AND OTHER DEFENSES BY AMERICAN MULTI-CINEMA, INC. IN RESPONSE TO AMENDED CROSS-CLAIMS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ John W. Egan*
John W. Egan

325846789v.3