UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SABRINA BENNETT,

                Plaintiff,

         -against-

COMMONWEALTH LOCAL
DEVELOPMENT CORP., HUSA
MANAGEMENT CO., LLC AND
AMERICAN MULTI-CINEMA, INC.,

                Defendants.

1:26-cv-01211

**ANSWER TO AMERICAN MULTI-CINEMA, INC.'S CROSSCLAIMS WITH AFFIRMATIVE DEFENSES AND JURY DEMAND**

---

**DEFENDANT, COMMONWEALTH LOCAL DEVELOPMENT CORP. AND HUSA MANAGEMENT CO., LLC'S, ANSWER TO AMERICAN MULTI-CINEMA, INC.'S CROSSCLAIMS AS AGAINST HUSA MANAGEMENT CO., LLC.**

Defendants, COMMONWEALTH LOCAL DEVELOPMENT CORP. ("Commonwealth") and HUSA MANAGEMENT CO., LLC ("HUSA"), (collectively, "Answering Defendants") by and through its attorneys at the law firm of Wood, Smith, Henning & Berman LLP answering the Amended Crossclaims of Defendants, AMERICAN MULTI-CINEMA, INC.'S, ("AMC"), state, upon information and belief, as follows:

**CROSSCLAIMS AGAINST COMMONWEALTH LOCAL DEVELOPMENT CORP. AND HUSA MANAGEMENT CO., LLC**

1.     Answering Defendants deny the allegations as claimed within Paragraph "1" of AMC's Crossclaims, except admit that 2309 Frederick Douglass Boulevard, New York, New York 10027 is an address that is part of a larger building that has a lot area of approximately 61,660 square feet.

**JURISDICTION AND VENUE**

2.     Answering Defendants assert that the allegations contained within Paragraph "2"

of AMC's Crossclaims constitute legal conclusions to which no response is required and respectfully refers all questions of law to the Court. To the extent a response is required, Answering Defendants deny the allegations.

3.      Answering Defendants assert that the allegations contained within Paragraph "3" of AMC's Crossclaims constitute legal conclusions to which no response is required and respectfully refers all questions of law to the Court. To the extent a response is required, Answering Defendants deny the allegations.

### THE MAGIC JOHNSON HARLEM 8 THEATRE

4.      Answering Defendants deny each and every allegation contained in Paragraph "4" of AMC's Crossclaims, except admit that HUSA maintains a lease agreement with AMC leasing certain premises within the building located at 2309 Frederick Douglass Boulevard, as described in said lease. Answering Defendants further admit that Commonwealth maintains a ground lease with HUSA for certain land and premises which includes the building located at 2309 Frederick Douglass Boulevard.

5.      Answering Defendants deny each and every allegation contained in Paragraph "5" of AMC's Crossclaims, except admit that HUSA maintains a lease agreement with AMC leasing certain premises within the building located at 2309 Frederick Douglass Boulevard, as described in said lease. Answering Defendants further admit that Commonwealth maintains a ground lease with HUSA for certain land and premises which includes the building located at 2309 Frederick Douglass Boulevard.

6.      Answering Defendants assert that the allegations contained within Paragraph "6" of AMC's Crossclaims constitute legal and factual conclusions to which no response is required

43665850.1:10314-0160

and respectfully refers all questions of law, fact or conclusions raised therein to the trial court for determination. To the extent a response is required, Answering Defendants deny the allegations.

7. Answering Defendants assert that the allegations contained within Paragraph "7" of AMC's Crossclaims constitute legal and factual conclusions to which no response is required and respectfully refers all questions of law, fact or conclusions raised therein to the trial court for determination. To the extent a response is required, Answering Defendants deny the allegations.

8. Answering Defendants assert that the allegations contained within Paragraph "8" of AMC's Crossclaims constitute legal and factual conclusions to which no response is required and respectfully refers all questions of law, fact or conclusions raised therein to the trial court for determination. To the extent a response is required, Answering Defendants deny the allegations.

9. Answering Defendants assert that the allegations contained within Paragraph "9" of AMC's Crossclaims constitute legal and factual conclusions to which no response is required and respectfully refers all questions of law, fact or conclusions raised therein to the trial court for determination. To the extent a response is required, Answering Defendants deny the allegations.

10. Answering Defendants assert that the allegations contained within Paragraph "10" of AMC's Crossclaims constitute legal and factual conclusions to which no response is required and respectfully refers all questions of law, fact or conclusions raised therein to the trial court for determination. To the extent a response is required, Answering Defendants deny the allegations.

11. Answering Defendants assert that the allegations contained within Paragraph "11" of AMC's Crossclaims constitute legal and factual conclusions to which no response is required and respectfully refers all questions of law, fact or conclusions raised therein to the trial court for determination. To the extent a response is required, Answering Defendants deny the allegations.

12.     Answering Defendants deny each and every allegation contained in Paragraph "12" of the AMC's Crossclaims, and respectfully refers all questions of law, fact or conclusions raised therein to the trial court for determination.

13.     HUSA assert that the allegations contained within Paragraph "11" of AMC's Crossclaims constitute factual conclusions to which no response is required and respectfully refers all questions of fact or conclusions raised therein to the trial court for determination. To the extent a response is required, HUSA deny the allegations except admit that the Elevator is functioning and in service.

**THE ACTION**

14.     Answering Defendants admit that Plaintiff Sabrina Bennett ("Plaintiff") filed the Complaint ("Complaint") in the Action on February 12, 2026 (ECF No. 1).

15.     Answering Defendants assert that the allegations contained within Paragraph "15" of AMC's Crossclaims constitute legal and factual conclusions to which no response is required and respectfully refers all questions of law, fact or conclusions raised therein to the trial court for determination. To the extent a response is required, Answering Defendants deny the allegations.

16.     Answering Defendants assert that the allegations contained within Paragraph "15" of AMC's Crossclaims constitute legal and factual conclusions to which no response is required and respectfully refers all questions of law, fact or conclusions raised therein to the trial court for determination. To the extent a response is required, Answering Defendants deny the allegations.

17.     Answering Defendants assert that the allegations contained within Paragraph "15" of AMC's Crossclaims constitute legal and factual conclusions to which no response is required and respectfully refers all questions of law, fact or conclusions raised therein to the trial court for determination. To the extent a response is required, Answering Defendants deny the allegations.

## AS AN FOR AN ANSWER TO AMC's FIRST CROSSCLAIM
### (Common Law Indemnification)

18.     Answering Defendants repeat, reiterate, and reallege each and every response as previously set forth with respect to paragraphs designated as "1" through "17" of AMC's Crossclaims with the same force and effect as if fully set forth at length herein.

19.     Answering Defendants deny each and every allegation contained in Paragraph "19" of the AMC's Crossclaims, and respectfully refers all questions of law, fact or conclusions raised therein to the trial court for determination.

20.     Answering Defendants assert that the allegations contained within Paragraph "20" of AMC's Crossclaims constitute legal conclusions to which no response is required and respectfully refers all questions of law, fact or conclusions raised therein to the trial court for determination. To the extent a response is required, Answering Defendants deny the allegations.

## AS AN FOR AN ANSWER TO AMC's SECOND CROSSCLAIM
### (Contribution)

21.     Answering Defendants repeat, reiterate, and reallege each and every response as previously set forth with respect to paragraphs designated as "1" through "20" of AMC's Crossclaims with the same force and effect as if fully set forth at length herein.

22.     Answering Defendants deny each and every allegation contained in Paragraph "22" of the AMC's Crossclaims, and respectfully refers all questions of law, fact or conclusions raised therein to the trial court for determination.

23.     Answering Defendants assert that the allegations contained within Paragraph "23" of AMC's Crossclaims constitute legal conclusions to which no response is required and respectfully refers all questions of law, fact or conclusions raised therein to the trial court for determination. To the extent a response is required, Answering Defendants deny the allegations.

## PRAYER FOR RELIEF

Answering Defendants deny that AMC is entitled to judgment on their Crossclaims as against Answering Defendants, and other relief sought in their Crossclaims, and demand dismissal of each Crossclaim with prejudice.

Answering Defendants maintain and incorporate herein by reference the Affirmative Defenses and Crossclaims against AMC as set forth in their Answer with Amended Crossclaims (ECF No. 21), which was filed on May 11, 2026.

## AFFIRMATIVE DEFENSES AS AGAINST AMC's CROSSCLAIMS

### FIRST AFFIRMATIVE DEFENSE

The lease documents, including the Original Lease, and subsequent modifications to the lease, expressly provide for the defense and indemnification of Answering Defendants by the AMC.

### SECOND AFFIRMATIVE DEFENSE

AMC breached the Original Lease, and subsequent modifications to the lease, by failing to defend and indemnify Answering Defendants in this lawsuit.

### THIRD AFFIRMATIVE DEFENSE

AMC cannot maintain a common law indemnification claim against Answering Defendants because the contractual indemnification provision flows in favor of Answering Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Any alleged error or omission or breach of duty on the part of Answering Defendants as set forth in AMC's crossclaims was not the cause of the alleged damage suffered by Plaintiff.

43665850.1:10314-0160

## FIFTH AFFIRMATIVE DEFENSE

The damages or losses suffered by AMC, if any, were caused solely by conditions and circumstances over which Answering Defendants exercised no control or right to control.

## SIXTH AFFIRMATIVE DEFENSE

AMC failed to state a cause of action upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

AMC lack standing to pursue the Crossclaims asserted.

## EIGHTH AFFIRMATIVE DEFENSE

AMC's Crossclaims are barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

To the extent any violations of the Americans with Disabilities Act, New York City Human Rights Law and New York State Human Rights Law regulations exist at the subject property, it is the obligation of AMC to correct them per the lease documents.

## TENTH AFFIRMATIVE DEFENSE

AMC's Crossclaims are barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

The premises are an existing facility under the terms of the Americans with Disabilities Act, New York City Human Rights Law and New York State Human Rights Law and the applicable regulations.

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendants have made reasonable modifications in policies, practices and procedures to the extent necessary to afford goods, services, facilities, privileges, advantages or accommodations to disabled individuals.

43665850.1:10314-0160

### THIRTEENTH AFFIRMATIVE DEFENSE

Federal law does not require Answering Defendants to alter or modify the property.

### FOURTEENTH AFFIRMATIVE DEFENSE

New York State law does not require Answering Defendants to alter or modify the property.

### FIFTEENTH AFFIRMATIVE DEFENSE

New York City law does not require Answering Defendants to alter or modify the property.

### SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendants have not engaged in any intentional discrimination to prevent or inhibit access to the property or to any of the facilities therein.

### SEVENTEENTH AFFIRMATIVE DEFENSE

AMC expressly released Answering Defendants from liability as it relates to this subject premises.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Answering Defendants did not make alterations to the subject premises that Plaintiff, in her Complaint, alleges, and as realleged within AMC's Crossclaims, should have been made, such changes were not and are not required under federal, New York State or New York City law, and any requirement to make those changes would impose an undue burden upon Answering Defendants and would not be readily achievable or feasible.

### NINETEENTH AFFIRMATIVE DEFENSE

Modifications of Answering Defendants' policies, practices and procedures, or the provision of auxiliary aids or services, would fundamentally alter the nature of the goods, services,

43665850.1:10314-0160

facilities, privileges, advantages, or accommodations and there is no duty to modify.

### TWENTIETH AFFIRMATIVE DEFENSE

AMC is liable for contribution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

AMC lacks standing to pursue the Crossclaims asserted, and, to the extent Plaintiff has standing to bring the Complaint, Plaintiff lacks standing to challenge any alleged barriers to access not specifically encountered by her.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendants reserves the right to amend, supplement, and assert further defenses which may be appropriate based upon matters to which discovery has been or will be directed with respect to the claims set forth in Plaintiff's Complaint and AMC's Crossclaims.

### JURY DEMAND

Answering Defendants herein exercises its guaranteed right to, and hereby requests, a Trial by jury regarding such Crossclaims.

**WHEREFORE**, Answering Defendants deny any and all liability to AMC, and respectfully request that this Honorable Court dismiss AMC's Crossclaims with prejudice and that judgment be entered in favor of Answering Defendants together with costs, attorney's fees, and such other and further relief as the Court deems just and proper.

43665850.1:10314-0160

DATED:    White Plains, New York
          June 17, 2026

 

 

 

WOOD SMITH HENNING & BERMAN LLP

By:**/s/   Jared K. Levy**
Jared Levy, Esq.
Jeremy Figueroa, Esq.
*Attorneys for Defendants*
HUSA MANAGEMENT CO. LLC. and
COMMONWEALTH DEVELOPMENT CORP.
JLevy@wshblaw.com
MDibbini@wshblaw.com
5 Waller Avenue, Suite 200
White Plains, New York 10604
Tel. 212.999.7100

TO:    The Parker Law Group P.C.
       Glen H. Parker, Esq.
       Attorneys for Plaintiff
       28 Valley Road, Suite 1
       Montclair, New Jersey 07042
       Telephone: (347) 292-9042

       SEYFARTH SHAW LLP
       John William Egan
       Attorneys for American Multi-
       Cinema, Inc.
       620 Eighth Avenue
       New York, NY 10018-1405
       Tel. 212.218.5500

43665850.1:10314-0160

## CERTIFICATE OF SERVICE

Jared Levy, an attorney duly admitted to practice law in the Courts of the State of New York, hereby certifies that on the 17th day of June, 2026, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:


TO:   The Parker Law Group P.C.
      Glen H. Parker, Esq.
      Attorneys for Plaintiff
      28 Valley Road, Suite 1
      Montclair, New Jersey 07042
      Telephone: (347) 292-9042

      SEYFARTH SHAW LLP
      John William Egan
      Attorneys for American Multi-
      Cinema, Inc.
      620 Eighth Avenue
      New York, NY 10018-1405
      Tel. 212.218.5500


DATED:   White Plains, NY
         June 17, 2026

                                    WOOD, SMITH, HENNING &
                                      BERMAN LLP


                                    By:        /s/ **Jared K. Levy**

43665850.1:10314-0160