

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York  10018

**T** (212) 218-5500

**F** (212) 218-5526


jegan@seyfarth.com

T (212) 218-5291


www.seyfarth.com

June 26, 2026

<u>**VIA ECF**</u>

Hon. Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

**Re:**    ***Bennett v. Commonwealth Local Development Corp., et al.***,
        <u>**Civil Action No.: 1:26-cv-01211**</u>

Dear Judge Vargas:

Pursuant to Your Honor's April 14, 2026 Order (ECF No. 14), Plaintiff Sabrina Bennett ("Plaintiff"), Defendant American Multi-Cinema, Inc. ("AMC"), and Defendants HUSA Management Co., LLC ("HUSA") and Commonwealth Local Development Corp. ("Commonwealth") ("collectively "Landlord Defendants") respectfully submit this joint status letter in advance of the Rule 16 Initial Pretrial Conference scheduled for July 7, 2026, at 11:30 a.m.  Plaintiff, AMC, and Landlord Defendants are collectively referred to herein as "the Parties"

### 1.  <u>Brief statement of the nature of the action and the principal defenses thereto</u>

#### a.  **Plaintiff's Statement**

Plaintiff adopts the first paragraph of AMC's Statement below for the nature of the action.

#### b.  **AMC's Statement**

This action concerns alleged architectural barriers at the AMC Magic Johnson Harlem 9 theatre located at 2309 Frederick Douglass Blvd, New York, NY 10027 (the "Theatre"), as well as the common area lobby of the Harlem USA Building ("Common Area") where the Theatre is located (collectively, the "Property").  AMC operates the Theatre under a lease agreement with HUSA.  Plaintiff alleges that she has a mobility disability, and encountered architectural barriers to access, most recently in January 2026, because the elevator in the Common Area was not functional.  The Complaint alleges that additional violations exist within the Theatre relating to building elements such as sales and service counters, and self-service stations.  Plaintiff asserts claims for relief under Title III of the Americans with Disabilities Act ("ADA"), as well as

44011012.1:10314-0160



analogous state and city laws prohibiting disability discrimination by places of public accommodation.

AMC's principal defenses are that, to the extent AMC altered the Theatre, AMC complied with the applicable ADA Standards to the "maximum extent feasible" per 28 C.F.R. § 36.402. If Plaintiff argues AMC altered the "primary function areas", AMC contends it did not trigger 28 C.F.R. § 36.403 (path of travel) requirements, and/or the costs of addressing the path of travel are disproportionate to the costs of covered alterations of any primary function areas. An additional principal defense is that, as an ADA "tester", Plaintiff did not suffer an "injury in fact" as required for federal subject matter jurisdiction, and cannot show the likelihood of future injury as required to obtain injunctive relief, which is the exclusive remedy under the ADA. To the extent Plaintiff obtains a judgment against AMC, factual bases for which AMC denies, then Landlord Defendants should indemnify AMC under common law principles because the primary substantive allegations in the Complaint concern the Common Area elevator, which was the responsibility of Landlord Defendants to maintain (under the applicable lease agreement and at common law), and the repair of which AMC personnel repeatedly requested during the relevant period.

### c.  Landlord Defendants' Statement

This action involves allegations that the Defendants violated the ADA (et al.) due to alleged architectural barriers at the Theatre, including the lobby in the Common Area which is used as an entrance to the Theatre within the Property. Commonwealth maintains a lease with HUSA regarding the Property. HUSA maintains a lease agreement with AMC regarding certain areas of the Property, as defined in the lease agreement, which includes the Theatre. In regard to the Plaintiff's allegations within the Complaint, Landlord Defendants adopt that portion of AMC's statement above, within the first paragraph only.

Landlord Defendants' principal defenses are that, the areas for which HUSA is responsible for under the lease agreement with AMC are ADA complaint. Specifically, the elevator in the Common Area is fully functioning and provides ADA compliant access to the AMC Theatre. To the extent the elevator were temporarily not operating at any time due to necessary and routine maintenance, the ADA does not recognize same as a violation. (ADA Advisory 407.1 General). Landlord Defendants otherwise had no obligation to correct any alleged ADA non-compliance as such correction would be structurally impractical, technically infeasible and/or an undue burden within the meaning of the regulations.

Even if it was found that the ADA was violated -which it was not - under the relevant lease provisions between Landlord Defendants and AMC, it was AMC's obligation, not the Landlord Defendants' obligation, to keep the Theatre, and any other areas lease to it, ADA Complaint. AMC is solely responsible for the ADA compliance of the entire area it leases from HUSA under the lease agreement, and any non-compliance with the ADA or similar state laws, as raised herein, are AMC's burden to bear alone. AMC is also responsible under the relevant lease provisions to defend and indemnify the Landlord Defendants in any action relating to claims raised against them like those brought by Plaintiff in this matter.

44011012.1:10314-0160

 **Seyfarth**

**2. A brief explanation of why jurisdiction and venue lie in this Court.**

Plaintiff asserts that this Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

Plaintiff asserts that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

The Court has federal question jurisdiction over Plaintiff's ADA claim and supplemental jurisdiction over the remaining claims.  Venue is proper as the Theatre is located in this District.

**3. A statement of all existing deadlines, due dates, and/or cut-off dates**

There are no existing deadlines, due dates, or cut-off dates.

**4. A brief description of any outstanding motions**

At this point in time, there are no outstanding motions or requests to file motions.

**5. A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations**

Discovery has not yet taken place. The parties do not believe that an exchange of discovery is necessary to engage in meaningful settlement negotiations.

**6. A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any**

At this point in time, settlement discussions have not taken place. However, counsel for the parties conducted the Rule 26(f) conferenced on June 26, 2026, and discussed the possibility of a non-litigated resolution of this matter.

**7. A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (e.g., within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate**

This confirms that the parties have discussed the use of alternative dispute resolution mechanisms. The parties believe that retention of a privately retained mediator, with a mediation session to be



conducted in the next sixty (60) days and before depositions are to commence, would be appropriate.

8. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

None at this time. The parties thank the Court for its time and attention to this matter.

Very truly yours,

| **SEYFARTH SHAW LLP** | **THE PARKER LAW GROUP P.C.** | **WOOD SMITH HENNING & BERMAN LLP** |
|---|---|---|
| */s/ John W. Egan* | */s/ Glen Parker* | */s/ Jared Levy* |
| John W. Egan | Glen Parker | Jared Levy |

cc:    All counsel of record (via ECF)
Enclosure

326234230v.4

44011012.1:10314-0160

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sabrina Bennett

                                    Plaintiff(s),

                  -against-

Commonwealth Local Development Corp., et al.

                                    Defendant(s).

<u>26</u>-cv-<u>01211</u> (JAV)

**CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER**

JEANNETTE A. VARGAS, United States District Judge:

This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.  All parties [consent ___ / do not consent ✔] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without any adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed at this time. Instead, within three days of submitting this Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.]

2.  The parties [have ✔ / have not ___] conferred pursuant to Fed. R. Civ. P. 26(f).

3.  Settlement discussions [have ___ / have not ✔] taken place.

    a.  Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following information within _____ days/weeks: _____

    _____

    _____

    b.  Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

    ☐ Immediate referral to the District's Mediation Program

    ☐ Immediate referral to a Magistrate Judge

    ☐ Referral to the District's Mediation Program after the close of fact discovery

1

☐ Referral to a Magistrate Judge after the close of fact discovery

☑ Retention of a private mediator

☐ Other

    c.  The use of any alternative dispute resolution mechanism does not stay or modify any date in this order.

4.  Unless a party amends a pleading as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to amend or join additional parties shall be filed no later than <u>30 days after the date of this Order</u>. [*Absent exceptional circumstances, a date not more than 30 days following the date of this Order. Any motion to amend or to join additional parties filed after the deadline in this paragraph will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4) rather than the more lenient standards of Fed. R. Civ. P. 15 and 21.*]

5.  Fact Discovery

    a.  All fact discovery shall be completed no later than <u>    01/7/2027    </u>.

    b.  Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than <u>    7/21/2026    </u>. [*Absent exceptional circumstances, a date not more than 14 days following the Initial Pretrial Conference.*]

    c.  [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than <u>        </u>.

    d.  Any proposed order or stipulation regarding electronically stored information shall be filed within 30 days of the date of this Order.

    e.  Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served no later than <u>    8/6/2026    </u>. [*Absent exceptional circumstances, a date not more than 30 days following the Initial Pretrial Conference.*]

    f.  Interrogatories pursuant to Local Rule 33.3(a) shall be served no later than <u>    8/6/2026    </u>. [*Absent exceptional circumstances, a date not more than 30 days following the Initial Pretrial Conference.*]

    g.  Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served no later than <u>    12/8/2026    </u>. [*A date not more than 30 days prior to the close of fact discovery as set forth in paragraph 5(a).*]

    h.  Depositions pursuant to Fed. R. Civ. P. 30 and 31 shall be completed by the date set forth in paragraph 5(a).

     i.   Any of the deadlines in paragraphs 5(b)–(h) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5(a).

     j.   The parties should not anticipate extensions of the deadline for fact discovery. Relatedly, the parties should not make a unilateral decision to stay or halt discovery (on the basis of settlement negotiations or otherwise) in anticipation of an extension. If something unforeseen arises, a party may seek a limited extension of the foregoing deadlines by letter-motion filed on ECF. Any such motion must be filed before the relevant deadline and must explain why, despite the parties' due diligence, discovery could not be completed by the relevant deadline.

6. Expert Discovery

     a.   The parties [do ☑ / do not ☐] anticipate requiring expert discovery. [*If the response to 6(a) is yes, then complete the remainder of this section*.]

     b.   All expert discovery shall be completed no later than _____01/7/2027_____.

     c.   Any party-proponent of a claim (including a cross-claim, counterclaim, or third-party claim) that intends to offer expert testimony in respect to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by no later than _____10/23/2026_____.

     d.   Any party-opponent that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by no later than _____11/23/2026_____.

     e.   The interim deadlines in paragraphs 6(c)–(d) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 6(b).

7. Any proposed order or stipulation regarding electronically stored information shall be filed within 30 days of the date of this Order.

8. By _____1/21/2027_____ [*two weeks after the close of fact discovery*], the parties shall submit a post-fact discovery joint status letter, as outlined in Section 8(d) of the Court's Individual Rules and Practices in Civil Cases.

9. [*If applicable*] By _____1/14/2027_____ [*one week after the close of expert discovery*], the parties shall submit a post-discovery joint status letter, as outlined in Section 8(e) of the Court's Individual Rules and Practices in Civil Cases.

10. Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 8(F)-(I) of the Court's Individual Rules and Practices in Civil Cases shall be

due 30 days from the close of all discovery, or, if a dispositive motion has been filed, within 30 days of a decision on such motion.

11. This case [is __✔__ / is not _____ ] to be tried to a jury.

12. Counsel for the parties have conferred and their best estimate of the length of trial is ____2-3 days____.

13. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

Rule 34 joint expert inspection to be conducted by 9/23/2026.
_____

_____

_____

14. The next case management conference is scheduled for _____ at _____ in Courtroom ____ of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York. [*To be completed by the Court.*]

15. This Order may not be modified or the dates herein extended, except as provided in paragraphs 5(i) and 6(e) or by further Order of the Court for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Rules and Practices and shall be made no fewer than two business days prior to the expiration of the date sought to be extended.

Dated:

   New York, New York

SO ORDERED.

_____
JEANNETTE A. VARGAS
United States District Judge

4